Robert Elray HYDE, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–86–028–CR.

Court of Appeals of Texas, Texarkana.

Dec. 2, 1986.

James R. Moore, Kattner, Brabham & Moore, Longview, for appellant.

John Tunnell, Asst. Dist. Atty., Longview, for appellee.

CORNELIUS, Chief Justice.

Robert Hyde pleaded guilty to aggravated robbery and a jury assessed his punishment at forty years confinement. In two points of error he contends the conviction should be reversed because the trial court failed to instruct the jury concerning the parole laws and because the sentence he received is excessive. We overrule these points and affirm the judgment.

Tex.Code Crim.Proc.Ann. art. 37.-07, § 4(a) (Vernon Supp.1986) provides that

---

the trial court shall instruct the jury concerning the effect of the parole laws and credit for good conduct allowed inmates while serving in the Texas Department of Corrections. However, Hyde did not object to the court's failure to so instruct the jury. In that circumstance, he is entitled to a reversal only if the failure to instruct was so egregious that he was deprived of a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984). Hyde has demonstrated no such harm. Indeed, the failure to instruct on the effect of the parole laws would tend to harm the State rather than Hyde, since the instruction effectively advises the jury that a convict may not be required to serve all of the time assessed against him.

We do not have the jurisdiction to review the reasonableness of punishments assessed by the juries and the trial courts of this State if they are within the range of punishment prescribed by statute for the offense, unless they are so plainly disproportionate to the offense as to shock the sense of humankind and thus constitute cruel and unusual punishments prohibited by the United States and Texas Constitutions. *Yeager v. Estelle*, 489 F.2d 276 (5th Cir.1973), *cert. denied*, 416 U.S. 908, 94 S.Ct. 1616, 40 L.Ed.2d 113 (1974); *Gaines v. State*, 479 S.W.2d 678 (Tex.Crim.App. 1972); U.S. Const. amend. 8; Tex. Const. art. 1, § 13.

Hyde admitted robbing the victim in this case by using a loaded pistol and by putting her in fear of her life. Under these circumstances we do not find that the punishment assessed is unconstitutionally cruel and unusual.

For the reasons stated, the judgment of the trial court is affirmed.