**Dorcas Drake CARAWAY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 06–94–00198–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted July 25, 1995.

Decided Aug. 3, 1995.

Rehearing Overruled Aug. 29, 1995.

Lawrence Beason, Mineola, for appellant.

Marcus D. Taylor, County Atty. of Wood County, Quitman, Henry Whitley, Asst. Dist. Atty., Quitman, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Dorcas Caraway was convicted of delivery of less than twenty-eight grams of cocaine. The court assessed punishment at thirty years' confinement.

Caraway raises three issues related to the composition of the grand jury that indicted him, admission of an audio tape recording, and excessiveness of the sentence.

A grand jury indicted Caraway on March 9, 1994. He was convicted by a jury, and the trial judge pronounced sentence in open court on May 13, 1994. Caraway filed a

motion for new trial on June 10, 1994, and on June 17, 1994, he supplemented the motion with an additional affidavit by his counsel stating that he had just learned that a member of the grand jury was a convicted felon and was therefore ineligible to serve. The trial court overruled the motion.

■ Caraway contends that the trial court should have dismissed the indictment because it was issued by a grand jury on which a convicted felon served. The State concedes that one of the grand jurors had been convicted of a felony.

■ A person who has been convicted of a felony may not serve as a grand juror. TEX. CODE CRIM.PROC.ANN. art. 19.08 (Vernon Supp.1995). A challenge to the array of jurors or to any person presented for grand jury service must be made before the grand jury is empaneled. In no other way may objections to the qualifications and legality of the grand jury be heard. TEX.CODE CRIM. PROC.ANN. art. 19.27 (Vernon 1977).

■ If the defendant does not object to a defect of form[1] or substance in an indictment before trial on the merits commences, he waives the defect and may not complain of it on appeal or in any other postconviction proceeding. TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1995); see State v. Yount, 853 S.W.2d 6, 8 (Tex.Crim.App.1993); Lockett v. State, 874 S.W.2d 810 (Tex.App.— Dallas 1994, pet. ref'd); Williams v. State, 848 S.W.2d 777 (Tex.App.—Houston [14th Dist.] 1993, no pet.). Caraway waived any defect because he did not timely object.

Caraway contends that he cannot be held to have waived the defect because waiver requires the intentional relinquishment of a known right, and he did not know before trial that he had a right to challenge the grand juror. The waiver required by Article 1.14(b), however, is not a common-law waiver but a constitutional and statutory one. Article 5, Section 12(b) of the Texas Constitution provides that the practice and procedure relating to the use of indictments and informa-

---

1. Caraway's contention that the grand jury was improperly constituted because it included a convicted felon amounts to a contention that the indictment was not returned by a lawfully chosen or empaneled grand jury. Such a contention constitutes an objection to the *form* of the indictment. TEX.CODE CRIM.PROC.ANN. art. 27.09(3) (Vernon 1989).

tions, including their contents, amendments, sufficiency, and requisites, are as provided by law. *See* TEX. CONST. art. V, § 12. Article 1.14(b) was adopted in compliance with that constitutional provision. We must enforce the Constitution and statutes as written.

■ Caraway's reliance on the cases of *Thomas v. State*, 796 S.W.2d 196 (Tex.Crim. App.1990), and *Gonzalez v. State*, 146 Tex. Crim. 452, 176 S.W.2d 195 (1943), is misplaced. Both of those cases involved the selection of a convicted felon for service on a *petit* jury. The two cases are inapposite. The rules pertaining to reversal because a disqualified juror served on the petit jury and those pertaining to dismissal of an indictment because a disqualified person served on the grand jury are different. *See* TEX.CODE CRIM.PROC.ANN. art. 35.16 (Vernon 1989 & Supp.1995), art. 35.19 (Vernon 1989).

■ Next, Caraway contends that the court erred by permitting the State to admit into evidence a tape recording made by an undercover narcotics agent. He argues that the tape is unintelligible, has no probative value, and unduly accentuates the agent's testimony.

When the tape was offered into evidence by the State, Caraway's only objection was that the chain of custody had not been established. The court overruled that objection and asked specifically if there were additional objections. Caraway offered none, and the tape was admitted into evidence.

Caraway argues that he raised the issue of intelligibility of the tape at trial. The record shows otherwise. Before the tape was offered, Caraway did complain that it was unintelligible in places, and for that reason he asked that the whole tape be played to the jury. He also asked that the witness who made the recording not be allowed to testify as to what was being said on the unintelligible portions of the tape. These statements, however, do not constitute an objection to the admission of the tape because it was unintelligible or without probative value or unduly

accentuated the agent's testimony. Caraway's only objection to *admission* of the tape was to the chain of custody. The court gave Caraway permission to play the entire tape to the jury, and the tape was sent to the jury room with the other exhibits.

■ The complaint raised on appeal must comport with the objection made at trial. *Thomas v. State*, 723 S.W.2d 696 (Tex.Crim. App.1986); *Stevens v. State*, 667 S.W.2d 534 (Tex.Crim.App.1984). Because it does not do so here, nothing is preserved for review.

■ In his last point of error, Caraway contends that the punishment was excessive for a first-time offender. The court assessed punishment at thirty years' confinement.

Caraway was convicted of delivery of less than twenty-eight grams of cocaine, in violation of TEX.HEALTH & SAFETY CODE ANN. § 481.112(b).[2] At the time of the offense, it was a first degree felony punishable by confinement for life or for any term not more than ninety-nine years or less than five years, plus an optional fine of $10,000.00. TEX.PENAL CODE ANN. § 12.32.[3] The punishment of thirty years' confinement assessed by the trial court was within the range of punishment then in effect for the offense. Moreover, it is in the lower end of the punishment range. Accordingly, it may not be considered as cruel and unusual punishment. *Benjamin v. State*, 874 S.W.2d 132, 135 (Tex. App.—Houston [14th Dist.] 1994, no pet.) (citing *McNew v. State*, 608 S.W.2d 166, 174 (Tex.Crim.App. [Panel Op.] 1978)); *see also Hyde v. State*, 723 S.W.2d 754 (Tex.App.— Texarkana 1986, no pet.).

The judgment of the trial court is affirmed.

BLEIL, Justice, concurring.

I join in the court's opinion, but write separately to say that, had I been the trial court, I would have granted a new trial based upon the fact that the grand jury which indicted Caraway was improperly constituted. However, I believe that the trial court

**2.** Act of May 18, 1989, 71st Leg., ch. 678, § 1, 1989 Tex.Gen.Laws 2935, *amended by* Act of May 29, 1993, 73rd Leg., ch. 900, § 2.01, 1993 Tex. Gen.Laws 3705.

**3.** Act of May 25, 1979, 66th Leg., ch. 488, § 1, 1979 Tex.Gen.Laws 1058, *amended by* Act of May 29, 1993, 73rd Leg., ch. 900, § 1.01, 1993 Tex. Gen.Laws 3603.

acted within its discretion in denying the motion for new trial.