NUMBER 13-00-692-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

RONALD
CRENSHAW,                                                          Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 

 



                        On appeal from the 148th District Court

                                  of Nueces
County, Texas.

 



 

                                   O P I N I O N

 

        Before Chief Justice Valdez and Justices Dorsey
and Rodriguez

                                  Opinion by Justice Dorsey

 

 

 

 

 








Appellant,
Ronald Crenshaw, appeals his conviction for robbery.   Appellant=s counsel brings thirteen points of error
for review.  Appellant has filed a pro
se brief raising three points of error.[1]  We affirm.

                                                         Facts

Patricia Lazo got into her car after parking it at a nursing
home.  As she drove home a man grabbed
her from behind and told her to drive and that he had a gun.  She rear-ended a truck and got out of the
car, leaving her purse.  The man drove
away with her car.  Damon Sahadi, the driver of the truck, watched the car until a
police car began to follow it.  Officer
Giles, the first officer to pursue Lazo=s car, followed
the car until it hit a fence.  He saw
someone run from the scene, carrying a purse. 
He and Officer Sanchez followed the suspect and captured him.  

                                                Factual
Sufficiency   

By point one
appellant argues that the evidence is factually insufficient to sustain the
conviction.  When considering the factual
sufficiency of the evidence we apply the test set out in Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).  See Johnson v. State, 23
S.W.3d 1, 6-7 (Tex. Crim. App. 2000).








Appellant
argues that the evidence is insufficient to show that he was the person inside Lazo=s car.  He argues that no fingerprints connected him
to Lazo=s car or
property, that no one saw him driving Lazo=s car, and that
Damon Sahadi lacked credibility, because his
testimony conflicted with the testimony of other witnesses.  The facts showed that Lazo
only knew that a man was inside her car. 
However Sahadi identified this man as
appellant.  Officer Giles began following
Lazo=s car soon
after it left the scene.  He lost sight
of the car for only a few seconds each time the car turned onto different
streets.  When the car hit the fence
Giles saw someone running from the scene, carrying a purse.  He followed the suspect and saw him throw
down the purse.  Officer Sanchez joined
Giles in the chase and pursed the suspect on foot.  He caught the suspect, and Giles recovered
the purse where the suspect threw it. 
The suspect whom Sanchez captured was the same person who Giles saw
throw down the purse.  The purse belonged
to Lazo.  Giles
did not see anyone else running around in that area.  Sanchez identified appellant as the person he
caught.    

We hold that
the jurors were free to believe the State=s evidence and
find that appellant was the man inside Lazo=s car from the
time she left the nursing home to the time that the car hit the fence.  Appellant's evidence does not outweigh the
State=s evidence, nor
does the verdict shock our conscience. 
We overrule point one.

                                           Failure
To Grant A Mistrial








By points two
and five appellant complains of two instances where the trial court failed to
grant a mistrial.  In the first instance,
when the State=s attorney
asked Officer Giles what crime he had arrested appellant for, Giles said, AIt was
discovered incident to arrest that he had a crack pipe in his possession.@  In the second instance, the State, during
punishment, offered a pen packet into evidence. 
When the trial court asked the purpose for the offer, the State=s attorney
replied, AExtraneous
offense@ and AJudge, it=s a certified
copy of a penitentiary packet.@  In both instances the trial court denied the
requests for mistrials, but instructed the jury to disregard Giles=s testimony
about the crack pipe and the State=s remarks about
the pen packet.

We review a
denial of a mistrial under an abuse of discretion standard.  See Ladd v. State, 3 S.W.3d 547, 567
(Tex. Crim. App. 1999). Generally a mistrial is only
required when the improper evidence is "clearly calculated to inflame the
minds of the jury and is of such a character as to suggest the impossibility of
withdrawing the impression produced on the minds of the jury."  Hinojosa v. State, 4 S.W.3d 240, 253
(Tex. Crim. App. 1999).  In all other situations the jury is presumed
to follow the trial court's instruction to disregard improperly admitted
evidence.  Id.  Whether the erroneous admission of evidence
requires a mistrial is determined by looking at the facts and circumstances of
the case.  Id.








Here Giles made
his remark about the crack pipe in response to the State=s inquiry about
why he had arrested appellant; nothing shows that either the question or the
response was intended to prejudice appellant in the jury=s
presence.  In the second instance the
State made the remark in an effort to convince the trial court to admit a pen
packet for punishment.  In both instances
the remarks were not Aclearly
calculated to inflame the minds of the jury,@ and the remarks were not of the character
suggesting the impossibility of withdrawing the impression produced on the
minds of the jury.  Thus the instructions
to disregard cured any prejudicial effect the remarks otherwise would have
had.  The trial court, therefore, did not
abuse its discretion in denying the motions for mistrial.  We overrule points two and five.

                                            Habitual-Felony
Offender

By point three
appellant attacks the sufficiency of the evidence to support the jury=s finding that
he was a habitual-felony offender.  He
claims that an offense used for enhancement, an October 23, 1986, California
robbery conviction, was not a final conviction. 
The pen packet, which includes the abstract of judgment, shows that
appellant was convicted of robbery on August 9, 1984.  This conviction was reversed.  The abstract also shows that appellant was
re-arraigned,  pleaded guilty to the
robbery offense, and was sentenced on October 23, 1986.  Based on this information the jury could find
beyond a reasonable doubt that the October 23, 1986, conviction was final.  In an absence of a showing to the contrary a
presumption exists that the sentence was based upon a judgment and that the
court acted in accordance with the law.  Jones
v. State, 449 S.W.2d 277, 278 (Tex. Crim. App.
1970).  We overrule point three.

                                     Ineffective
Assistance of Counsel








By point four
appellant argues that he received ineffective assistance of counsel at the
guilt-innocence and punishment phases. 
To prove ineffective assistance of counsel appellant must show:  (1) that trial counsel's performance was not
reasonably effective, falling below an objective standard of reasonableness
under the prevailing professional norms; and (2) this deficient performance
prejudiced his defense to the extent that the result of the proceeding would
have been different.  Strickland v.
Washington, 466 U.S. 668, 694 (1984). 
A Areasonable
probability@ means Aa probability
sufficient to undermine confidence in the outcome.@  Id.; Ex parte
Walker, 777 S.W.2d 427, 430 (Tex. Crim. App.
1989).  A showing of deficiency requires
a demonstration that trial counsel made errors so serious that he was not
functioning as the Acounsel@ guaranteed a
defendant under the Sixth Amendment.  The
prejudice element requires a showing that trial counsel's errors were so
serious that they deprived the defendant of a fair trial; one whose result is
reliable.  Strickland, 466 U.S. at
687.  The totality of the representation
is evaluated from counsel's perspective at trial, not his isolated acts or
omissions in hindsight.  Ex parte Welborn, 785 S.W.2d
391, 393 (Tex. Crim. App. 1990); Wilkerson v. State,
726 S.W.2d 542, 548 (Tex. Crim. App. 1986).  The Areasonably
effective assistance@ standard does
not mean errorless counsel.  Ex parte Felton, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991); Hernandez v. State, 799 S.W.2d
507, 508 (Tex. App.BCorpus Christi
1991, pet. ref'd).








Appellant
complains of numerous instances in which he claims trial counsel was
ineffective.  All are inconsequential and
do not satisfy the Strickland requirements.  Based upon the totality of the representation
there is no showing that trial counsel made errors so serious that he was not
functioning as the Acounsel@ guaranteed a
defendant under the Sixth Amendment. 
There is no showing that counsel's performance prejudiced his defense to
the extent that the result of the trial would have been different.  Strickland, 466 U.S. at 694.  We overrule point four.

                                                     Allen
Charge

By point six
appellant claims that his rights to due process were violated when the trial
court gave the jury an Allen charge. 
An Allen charge is given to instruct a deadlocked jury to
continue deliberating. See Allen v. United States, 164 U.S. 492, 501
(1896).  The primary inquiry to determine
the propriety of an Allen charge is its coercive effect on juror
deliberation, "in its context and under all circumstances."  Howard v. State, 941 S.W.2d 102, 123
(Tex. Crim. App. 1996).

Here the jury
began deliberating punishment on Friday at 10:40 a.m. The jury broke for lunch
for one and one-half hours and at 3:12 p.m. sent out a note, indicating that it
was deadlocked.  The trial court told the
jury, A[P]lease
continue deliberating@ and AI intend to
recess at 4:30 until Monday, so please continue deliberating . . . certainly
you=ll be given top
priority if you elect to come back Monday, but for now please continue
deliberating. . . .@  The jury reached a verdict at 3:54 p.m.

Appellant asserts
that the trial court=s remarks were
coercive.  We disagree.  The court did not shade the instruction with
coercive nuance; rather, the court simply told the jurors it planned to recess
at 4:30 p.m., to keep deliberating, and that they would receive top priority if
they elected to return on Monday.  The
instruction served 

 








to encourage
discussion and to avert an impasse.  We
do not find coercive suggestions in the instruction given to the jury.  We overrule point six.

                                         Failure
To Quash Indictment

By points seven
and eight appellant argues that the trial court erred in failing to quash the
indictment for several reasons.  First he
argues that the indictment did not comply with article 21.02 of the Texas Code
of Criminal Procedure.  Article 21.02
states that an indictment Ashall be deemed
sufficient@ if it Aappear[s] that
the same was presented in the district court of the county where the grand jury
is in session.@  Tex.
Code Crim. Proc. Ann. art 21.02(2) (Vernon Supp. 2002).  The indictment recites that it was presented
by the Aduly organized
Grand Jury of Nueces County, Texas, . . . in the District Court of Nueces
County, Texas.@  We find that language sufficient to comply
with Article 21.02(2).








Next he
complains that the indictment failed to show that the minutes of the district
court show the fact of presentment, thereby violating article 20.22 of the
Texas Code of Criminal Procedure.  
Article 20.22 states:  AThe fact of a
presentment of indictment by a grand jury shall be entered upon the minutes of
the court . . . noting briefly the style of the criminal action and the file
number of the indictment and the defendant's name. . . .@  Tex.
Code Crim. Proc. Ann. art. 20.22 (Vernon Supp. 2002).  Appellant did not provide us with the portion
of the record required to substantiate such a claim.  Nevertheless he does not argue that the grand
jury did not vote to true bill him on January 6, 2000, and then again, by reindictment, on April 27, 2000.  Accordingly he does not argue that the
statutory purpose was thwarted, and we would be disinclined to find reversible
error under such circumstances.  See
Hawkins v. State, 792 S.W.2d 491, 494 (Tex. App.CHouston [1st
Dist.] 1990, no pet.).  The purpose of
article 20.22's requirement that the fact of presentment of an indictment by a
grand jury be entered upon the minutes of the court is to ensure that persons
are tried only under true bills.  See
Reese v. State, 151 S.W.2d 828 (Tex. Crim.
App. 1941)(citing to a predecessor statute). 
Here appellant does not argue that he was not tried under a true bill,
only that a technical violation of article 20.22 occurred.  Such technical requirements as those
contained in article 20.22 have been held to be Amerely directory despite the use of the
word >shall= therein.A  See Jenkins v. State, 468 S.W.2d 432,
435 (Tex. Crim. App.1971); Bruns
v. State, 924 S.W.2d 176, 179 (Tex. App.CSan Antonio 1996, no pet.).

Third he argues
that the indictment failed to identify the property subject to the
robbery.  The gravamen
of robbery is the assaultive conduct, and no
completed theft is required.  Ex parte Hawkins, 6 S.W.3d 554, 559-60 (Tex. Crim. App. 1999). 
Thus the State does not have to allege the elements of theft in a
robbery indictment.  See Hightower v.
State, 629 S.W.2d 920, 922-23 (Tex. Crim. App.
1981).








Fourth he
argues that the indictment failed to allege how he placed the victim in
fear.  The indictment alleged in part
that appellant Athreaten[ed]
Patricia Lazo with and place[d] Patricia Lazo in fear of imminent bodily injury or death.@  In Smith v. State, 732 S.W.2d 440
(Tex. App.BBeaumont 1987,
pet. ref=d) the accused
was indicted for robbery.  The indictment
alleged that the accused Athreatened and
placed Pam Solly in fear of imminent bodily injury
and death
by causing Pam Solly to believe that he had a
firearm.@  Id. at 440, 442 (emphasis added).  The court said that it was legally essential
for the indictment to allege the italicized language and that the additional
wordsBAby causing Pam Solly to believe that said defendant had a firearm"Bwere not needed
and only descriptive of that which is legally essential.  Id. at 442 (citing Burrell v. State,
526 S.W.2d 799, 801 (Tex. Crim. App. 1975)).  Thus the indictment is not defective for
failing to allege how appellant placed Patricia Lazo
in fear. 

Lastly he
argues that the trial court should have quashed the indictment because the
affidavit/complaint was not filed before the filing of the indictment.  The complaint against appellant was filed in
the district court on January 13, 2000. 
The reindictment was filed on April 27,
2000.  We overrule points seven and
eight.

                                        Grand
Jury Transcript Request

 








By point nine
appellant argues that the trial court erred in denying his request to subpoena
the minutes of the grand jury.  He argued
to the trial court that he needed the grand jury minutes to see what the
witnesses testified to and because the indictment did not describe the charges
against him.  A trial court has
considerable discretion concerning production of grand jury testimony.  Legate v. State, 52 S.W.3d 797, 803
(Tex. App.BSan Antonio
2001, pet. ref=d).  The Texas Code of Criminal Procedure
provides:  "(a) The proceedings of
the grand jury shall be secret" and "(d) The defendant may petition a
court to order the disclosure of information otherwise made secret by this
article . . . [upon] a showing by the defendant of a particularized
need."  Tex. Code Crim. Proc. Ann. art. 20.02 (Vernon 2000).  See Bynum v. State, 767 S.W.2d 769,
782 (Tex. Crim. App. 1989).  The totality of the circumstances must be
examined when determining whether a particularized need exists.  Bynum, 767 S.W.2d at 781; Legate,
52 S.W.2d at 803.  A particularized need
is not shown simply because the requested testimony pertains to a key
prosecution witness, or that there is a "need" to locate
inconsistencies in the witness's testimony. 
Bynum, 767 S.W.2d at 783; Legate, 52 S.W.2d at 803.  Because appellant has not shown a particularized
need the trial court did not abuse its discretion in denying his request.  We overrule point nine.

                                                     Reindictment

By point ten
appellant argues that the State erred by reindicting
him after the original trial date in violation of the trial court=s order.  The State and defense counsel announced ready
at a docket-control hearing.  Afterwards
the State reindicted appellant to add the enhancement
allegations.  There is no court order
preventing or restricting the State=s ability to reindict appellant. 
Further the State=s announcement
of Aready@ does not keep
the State from reindicting appellant to add
enhancement allegations.  See Perez v.
State, 678 S.W.2d 85, 86 (Tex. Crim. App.
1984).  We overrule point ten.

 








                                                     Arraignment

By point eleven
appellant argues that he was denied due process of law because he was not
arraigned until a pre-trial hearing. 
Article 28.01 of the Texas Code of Criminal Procedure states in part
that AThe pre‑trial
hearing shall be to determine any of the following matters:  (1) Arraignment of the defendant, if such be
necessary. . . .@  Tex.
Code Crim. Proc. Ann. art. 28.01, ' 1(1) (Vernon
1989).  The court of criminal appeals has
stated that an arraignment is Atimely even if
after the jury was selected and impaneled.@  Phillips v. State, 511 S.W.2d 22, 26
(Tex. Crim. App. 1974).  Appellant has not made an argument about how
his due process rights were violated when the trial court arraigned him at the
pre-trial hearing.  We hold that the
arraignment was properly held at the pre-trial hearing.  We overrule point eleven.

                                               Undisclosed
Witness








By point twelve
appellant argues that his due process rights were violated when the trial court
allowed Brenda Gatewood, a fingerprint supervisor, to
testify at the punishment phase.  Gatewood fingerprinted appellant and testified that his
prints matched the fingerprints contained in the pen packets.  Appellant complains that she was allowed to
testify despite the fact that she was not listed as a witness on the
court-ordered witness list.  Defense counsel
did not object to her testimony and has waived error.  Tex.
R. App. P. 33.1.  However we point
out that this issue is reviewed for abuse of discretion, which is evaluated
against whether the State's actions were in bad faith, and whether the
defendant could have reasonably anticipated the witness's testimony.  Campbell v. State, 900 S.W.2d 763, 772
(Tex. App.‑‑Waco 1995, no pet.). 
Further even if there is an abuse of discretion, if the defendant fails
to move for a continuance to have more time to prepare for cross‑examination
of the witness, any error is rendered harmless.  Barnes v. State, 876 S.W.2d 316, 328
(Tex. Crim. App. 1994); Gonzales v. State, 4
S.W.3d 406, 416 n. 6 (Tex. App.‑‑Waco 1999, no pet.).

Here because
there is no indication that the State was trying to deceive the defense, bad
faith has not been shown.  Moreover the
defense was aware of the enhancement allegations and could reasonably have
anticipated that the State would call someone to testify about appellant=s
fingerprints.  Under these circumstances
we find the trial court did not abuse its discretion in allowing Gatewood's testimony. 
We overrule point twelve.

                                               Motion
For New Trial

By point
thirteen appellant argues that the trial court erred by denying his motion for
new trial after learning that Damon Sahadi and Detective
Ralph Lee had supplied false testimony. 
The grant or denial of a motion for new trial lies within the discretion
of the trial court.  Lewis v. State,
911 S.W.2d 1, 7 (Tex. Crim. App. 1995).  We do not substitute our judgment for that of
the trial court, but rather decide whether the trial court's decision was
arbitrary or unreasonable.  Id.








At a pre-trial
hearing Detective Lee testified that the car which Lazo
was driving was Athe victim=s vehicle.@  At trial the victim, Patricia Lazo, testified that the car she was driving belonged to
someone else.  This discrepancy does not
affect the allegations in this case. 
Robbery is an assaultive offense, and the
indictment need not allege the ownership of the property.  Babbs v.
State, 739 S.W.2d 646, 649 (Tex. App.BHouston [14th
Dist.] 1987, no pet.).

Sahadi testified that
after the impact he looked back at Lazo=s car and saw Aa person start
to climb over from the back seat to the front seat. . . .@  This testimony conflicted with the testimony
of Patricia Lazo and Melissa Vetor,
both of whom said that they saw the man get out of car and then get into the
front seat.  Sahadi
also testified that Lazo=s vehicle was
at the scene for about five minutes, yet Angela Burns testified that the car
was there for only fifteen to twenty seconds. 
These conflicts reflect upon Sahadi=s credibility,
but the factfinder=s role is to resolve conflicts in the
evidence.  These conflicts are not so
serious that they require a new trial. 
We hold that the trial court did not abuse its discretion in denying the
motion for new trial.  We overrule point
thirteen.

                                                    PRO
SE BRIEF

                                            Challenge
To Grand Jury








By point
fourteen appellant argues that the trial court erred in denying his request to
challenge the array of the grand jurors. 
Article 19.27 of the Texas Code of Criminal Procedure provides:  ABefore the
grand jury has been impaneled, any person may challenge the array of jurors or
any person presented as a grand juror. 
In no other way shall objections to the qualifications and legality of
the grand jury be heard. . . .@  Tex.
Code Crim. Proc. Ann. art. 19.27 (Vernon 1977).  Appellant did not challenge the array prior
to impanelment. 
Thus he waived the challenge, and the trial court did not err by denying
his request.  See Caraway v. State,
911 S.W.2d 400, 401-02 (Tex. App.BTexarkana 1995,
no pet.).  We overrule point fourteen.

                                     Ineffective
Assistance Of Counsel

By point
fifteen appellant asserts that he received ineffective assistance of counsel,
because trial counsel did not challenge the State=s evidence or the police department=s
procedures.  Appellant complains of
numerous instances in which he claims trial counsel was ineffective.  These instances do not satisfy the Strickland
requirements.  Based upon the totality of
the representation there is no showing that trial counsel made errors so
serious that he was not functioning as the Acounsel@ guaranteed a defendant under the Sixth
Amendment.  Further appellant has not
shown how counsel=s performance
prejudiced his defense to the extent that the result of the trial would have
been different.  Strickland, 466
U.S. at 694.

                                            Enhancement
Allegation  








By point
sixteen appellant complains that his 1986 California robbery conviction used
for enhancement purposes (discussed in point three, supra) is void.  A judgment of conviction for a crime is void
when (1) the document purporting to be a charging instrument does not satisfy
the constitutional requisites of a charging instrument, thus the trial court
had no jurisdiction over the defendant, (2) the trial court lacked subject
matter jurisdiction over the offense charged, (3) the record reflects that
there is no evidence to support the conviction, or (4) an indigent defendant is
required to face criminal trial proceedings without appointed counsel, when
such has not been waived.  Nix v.
State, 65 S.W.3d 664, 668 (Tex. Crim. App.
2001).  Appellant has failed to meet any
of these requirements.  We overrule point
sixteen.

We AFFIRM the
trial court=s judgment.

______________________________

J. BONNER DORSEY,

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 23rd day of May, 2002.

 











[1]On
September 14, 2001, we granted appellant=s pro se motion to file a
supplemental brief, although generally a pro se brief presents nothing
for review when appellant is represented by counsel who files a separate brief.  Rudd v. State, 616 S.W.2d 623, 625
(Tex. Crim. App. 1981).  See Allridge
v. State, 850 S.W.2d 471, 496 (Tex. Crim. App.
1991) (no absolute right to hybrid representation ).  Because we permitted appellant to file a
supplemental brief we will consider the points of error and the arguments
raised in both briefs.  See generally
Ford v. State, 870 S.W.2d 155, 157 (Tex. App.‑San Antonio 1993, pet. ref'd) (considering points in pro se brief after
motion for leave to file granted).