In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00268-CR
______________________________


MARVIN JOE HOWARD, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 22,456


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Appellant, Marvin Joe Howard, has filed with this Court a motion to withdraw his notice of
appeal and dismiss his pending appeal in this matter pursuant to Rule 42.2(a) of the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 42.2(a). The motion is signed by Howard and his counsel. 
Â Â Â Â Â Â Â Â Â Â Â Â We grant Howard's motion and dismiss the appeal. 
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â January 24, 2006
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â January 25, 2006

Do Not Publish



PAN STYLE="font-family: Arial">Date Decided: June 14, 2007


Do Not Publish



1. See Tex. Health & Safety Code Ann. § 481.121(b)(3) (Vernon 2003).
2. Similarly, other offenses in the Texas Penal Code place the burden of proof on the defendant
to prove certain issues by a preponderance of the evidence at the punishment phase of trial, and a
type of sufficiency review is also appropriate for those issues--for example, release of a kidnapping
victim in a safe place. See Tex. Penal Code Ann. Â§ 20.04(d) (Vernon 2003); Cleveland v. State,
177 S.W.3d 374, 385 (Tex. App.--Houston [1st Dist.] 2005, pet. ref'd), cert. denied, ___ U.S. ___,
126 S.Ct. 1774 (2006).
3. See, e.g., McGinn v. State, 961 S.W.2d 161, 169 (Tex. Crim. App. 1998). 
4. See Hyde v. State, 723 S.W.2d 754, 755 (Tex. App.--Texarkana 1986, no pet.) (holding that
we had no authority to review the reasonableness of punishments assessed by the juries and the trial
courts of this State if within the range of punishment prescribed by statute for the offense, except
under a disproportionality analysis).