In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00031-CR


______________________________




BRANDEN LETORY BRANDON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 33621-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Branden Letory Brandon pled guilty to charges of possession of a controlled substance with
intent to deliver. The trial court sentenced Brandon to fourteen years' imprisonment. 

 On appeal, Brandon complains that the trial court did not take into consideration Brandon's
medical condition when it imposed a fourteen-year sentence. Brandon contends that the trial court
should have imposed a lesser sentence because he suffers from a serious, debilitating injury leaving
him without use of his left arm. He cites generally to the Eighth and Fourteenth Amendments to the
United States Constitution and to several federal cases which addressed the concept of downward
departure as it relates to the federal sentencing guidelines.

 Federal sentencing guidelines have no application to this state criminal case. See 28
U.S.C.A. § 994(a)(1) (2006); Harper v. State, 930 S.W.2d 625, 632 (Tex. App.--Houston [1st Dist.]
1996, no pet.). Under Texas law, we afford the trial court a great deal of discretion in its
determination of the appropriate punishment in any given case. See Jackson v. State, 680 S.W.2d
809, 814 (Tex. Crim. App. 1984). So, under state law, the method available to attack the sentence
assessed is to argue that the trial court exercised its discretion in such an unreasonable or unfair
fashion as to be constitutionally unsound. See Bradfield v. State, 42 S.W.3d 350, 352 (Tex.
App.--Eastland 2001, pet. ref'd); Kanouse v. State, 958 S.W.2d 509, 510 (Tex. App.--Beaumont
1998, no pet.); see also Flores v. State, 936 S.W.2d 478, 478-79 (Tex. App.--Eastland 1996, pet.
ref'd) (declining to apply factual sufficiency review of evidence to support jury's assessment of
punishment). As the punishment assessed was within the applicable statutory range, the issue as it
may be presented is whether the punishment assessed was grossly disproportionate and thus
unconstitutional. See Hyde v. State, 723 S.W.2d 754, 755 (Tex. App.--Texarkana 1986, no pet.). 
That said, we must construe Brandon's contention as a constitutional attack, in effect arguing that,
considering Brandon's physical disability, a sentence of fourteen years is a grossly disproportionate
sentence that violates the Eighth Amendment's prohibition against cruel and unusual punishment. 
See U.S. Const. amend. VIII. 

 When the trial court asked if there was any reason in law the fourteen-year sentence should
not be pronounced, Brandon's defense counsel replied, "No, Your Honor." In his motion for new
trial, Brandon states only that the verdict and the sentence were contrary to the law and evidence. 

 To preserve a disproportionate sentence claim for appellate review, Brandon must have
presented to the trial court a timely request, objection, or motion that stated the specific grounds for
the desired ruling, if not apparent from the context. See Tex. R. App. P. 33.1(a)(1); Mosley v. State,
983 S.W.2d 249, 265 (Tex. Crim. App. 1998); Guin v. State, 209 S.W.3d 682, 687 (Tex.
App.--Texarkana 2006, no pet.). A motion for new trial is an appropriate way to preserve this type
of claim for review. See Williamson v. State, 175 S.W.3d 522, 523-24 (Tex. App.--Texarkana
2005, no pet.). It is incumbent on Brandon, however, to cite specific legal authority and to provide
legal arguments based on that authority. See Bell v. State, 90 S.W.3d 301, 305 (Tex. Crim. App.
2002); Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996). Brandon's unsupported and
general challenge that the sentence was contrary to the law and the evidence is insufficient to
preserve his only possible complaint, attacking the constitutionality of the sentence. (1) No objection
or motion in this case sets out the complaint that the sentence imposed was unconstitutional. 
Therefore, no error is preserved for our review. 

 We overrule Brandon's point of error and affirm the trial court's judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 7, 2007

Date Decided: August 9, 2007


Do Not Publish
1. Even if the contention had been preserved for review, the record contains no evidence
comparing the sentence imposed here with sentences imposed against defendants in Texas and in
other jurisdictions who committed a similar offense. See Guin, 209 S.W.3d at 687-88; Fluellen v.
State, 71 S.W.3d 870, 873 (Tex. App.--Texarkana 2002, pet. ref'd).