

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00410-CR

**JOSE ALFERDO VALDEZ,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2012-330-C1**

## MEMORANDUM OPINION

In three issues, appellant, Jose Alferdo Valdez, challenges the punishment assessed based on his conviction for burglary of a habitation, a first-degree felony. *See* TEX. PENAL CODE ANN. § 30.02(a), (d) (West 2011).  We affirm.

### I. BACKGROUND

Though uninvited, appellant entered the residence of Clarence Cox, a seventy-eight-year-old man who lives alone.  Upon entering Cox's house, appellant said, "Give me your money.  Give me your billfold."  Cox responded, "Get the hell out of here."

Appellant proceeded to beat and choke Cox and then took Cox's wallet and left the house. Witnesses testified that Cox's eye was swollen and that he had blood running down his face. Caye Caves, Cox's daughter, testified that it appeared that Cox "just had been beaten up—severely." Caves noted that Cox had bruising and a handprint on his neck from where appellant had choked him. Cox was transported to the hospital, where he had to stay for two nights in the Intensive Care Unit because he had bleeding in his brain as a result of the beating.

Appellant was subsequently arrested and charged by indictment with burglary of a habitation, a first-degree felony. *See id.* The indictment was later amended to include an enhancement paragraph referencing appellant's prior felony convictions for assault against a public servant and injury to an elderly person, for which he served four years in the Institutional Division of the Texas Department of Criminal Justice. Appellant pleaded guilty to the charged offense, and the case proceeded to punishment.

Appellant elected to have the jury determine his sentence. During the punishment phase, appellant presented evidence of his mental illness, including the testimony of psychologist Dr. William Lee Carter. Dr. Carter opined that appellant suffered from treatable mental illness that resulted from years of huffing paint and abusing drugs. At the conclusion of the evidence, appellant pleaded "true" to the enhancement paragraph contained in the indictment, and the jury sentenced appellant to ninety-nine years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. Thereafter, appellant filed a motion for new trial, which was overruled by operation of law. *See* TEX. R. APP. P. 21.8(a), (c). This appeal followed.

## II.    CRUEL AND/OR UNUSUAL PUNISHMENT

In his first two issues, appellant contends that his sentence violates his state and federal rights to be free from cruel and/or unusual punishment.  We disagree.

The Eighth Amendment to the Constitution of the United States provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. CONST. amend. VIII.  This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 666-67, 82 S. Ct. 1417, 1420-21, 8 L. Ed. 2d 758 (1962); *see* U.S. CONST. amend XIV.  On the other hand, article 1, section 13 of the Texas Constitution provides that:  "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted."  TEX. CONST. art. 1, § 13.  The language of article 1, section 13 of the Texas Constitution is nearly identical to the Cruel and Unusual Punishments Clause of the Eighth Amendment, with one variation.  The Texas Constitution states its prohibition disjunctively—"cruel or unusual" punishments—instead of the Eighth Amendment's conjunctive formulation—"cruel and unusual."

Appellant appears to advocate that the presumably more expansive language of the Texas Constitution should apply in this case.  However, apart from the text itself, appellant offers no relevant authority to support his argument that the state and federal constitutional provisions are not coextensive because of the substantively different meanings of "and" and "or."  In fact, the Texas Court of Criminal Appeals has rejected the contention that the distinction permits the Texas provision to be interpreted more

expansively than the Eighth Amendment with respect to the constitutionality of capital punishment. *See Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997); *Anderson v. State*, 932 S.W.2d 502, 509 (Tex. Crim. App. 1996) (holding that capital punishment is neither cruel nor unusual for purposes of the Texas Constitution); *see also Duran v. State*, 363 S.W.3d 719, 723 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). While appellant argues, based on the text, that a punishment may be prohibited in Texas solely because it is "cruel" or solely because it is "unusual," he does not cite case law stating that these terms have unique meanings under the state constitution.[1] Accordingly, based on the authority from the Texas Court of Criminal Appeals, we will assume that the pertinent terms of article 1, section 13 of the Texas Constitution have the same meaning as in the Eighth Amendment of the United States Constitution. *See Duran*, 363 S.W.3d at 723-24.

Texas courts have routinely held that punishment that falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See id.* (citing *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972) ("[W]here the punishment assessed by the judge or jury was within the limits prescribed by the statute the punishment is not

---

[1] As mentioned above, appellant does not cite, nor are we aware of, case law interpreting article 1, section 13 of the Texas Constitution to be more expansive than the Eighth Amendment of the United States Constitution as it pertains to cruel and unusual punishment. In fact, as appellant acknowledges, Texas courts regularly consider both provisions coextensively. *See Duran v. State*, 363 S.W.3d 719, 723-24 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Baldridge v. State*, 77 S.W.3d 890, 894 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("Neither by argument nor authority has appellant established that the provisions of the Texas Constitution offer broader or greater protection than the Eighth Amendment of the United States Constitution."); *Puga v. State*, 916 S.W.2d 547, 550 (Tex. App.—San Antonio 1996, no pet.); *see also Rodriguez v. State*, No. 08-11-00349-CR, 2013 Tex. App. LEXIS 14356, at *5 (Tex. App.—El Paso Nov. 22, 2013, no pet. h.) (mem. op., not designated for publication); *Washington v. State*, Nos. 13-12-00661-CR, 13-12-00662-CR, 13-12-00663-CR, 2013 Tex. App. LEXIS 9240, at *2 (Tex. App.—Corpus Christi July 25, 2013, no pet.) (mem. op., not designated for publication). In light of this authority and the dearth of authority supporting appellant's position, we decline appellant's invitation to extend the protections of article 1, section 13 of the Texas Constitution further than that afforded by the Eighth Amendment of the United States Constitution.

cruel and unusual within the constitutional prohibition."); *Ajisebutu v. State*, 236 S.W.3d 309, 314 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("Generally, a sentence within the statutory range of punishment for an offense will not be held cruel or unusual under the Constitution of either Texas or the United States.")); *see also Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1979); *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.). Moreover, the reasonableness of punishments assessed by juries and trial courts in this State should not be questioned if they are within the range of punishment prescribed by statute for the offense, "unless they are so plainly disproportionate to the offense as to shock the sense of humankind and thus constitute cruel and unusual punishments prohibited by the United States and Texas Constitutions." *See Hyde v. State*, 723 S.W.2d 754, 755 (Tex. App.—Texarkana 1986, no pet.); *see also Hernandez v. State*, No. B14-92-00704-CR, 1994 Tex. App. LEXIS 2182, at **17-18 (Tex. App.—Houston [14th Dist.] Sept. 1, 1994, no pet.) (mem. op., not designated for publication).

Here, appellant was charged with first-degree felony burglary of a habitation, which was enhanced by appellant's prior felony convictions for assault of a public servant and injury to an elderly person. *See* TEX. PENAL CODE ANN. § 30.02(d); *see also id.* § 12.42(c)(1) (West Supp. 2013). Accordingly, appellant was subject to a punishment range of "life, or for any term of not more than 99 years or less than 15 years." TEX. PENAL CODE ANN. § 12.42(c)(1). Based on this authority, appellant's ninety-nine-year sentence in this case is authorized by law and within the prescribed range for enhanced

first-degree felonies and, thus, is not excessive.[2] *See id.*; *see also Jordan*, 495 S.W.2d at 952; *Samuel*, 477 S.W.2d at 614; *Duran*, 363 S.W.3d at 723-24; *Ajisebutu*, 236 S.W.3d at 314; *Dale*, 170 S.W.3d at 799. Accordingly, we cannot say that appellant's sentence violates the United States or Texas Constitutions. *See* U.S. CONST. amend. VIII; TEX. CONST. art. 1, § 13; *see also Jordan*, 495 S.W.2d at 952; *Samuel*, 477 S.W.2d at 614; *Duran*, 363 S.W.3d at 723-24; *Ajisebutu*, 236 S.W.3d at 314; *Dale*, 170 S.W.3d at 799. As such, we overrule appellant's first two issues.

### III. PROPORTIONALITY OF APPELLANT'S SENTENCE

In his third issue, appellant argues that his sentence is grossly disproportionate and, in turn, violative of the Eighth Amendment to the United States Constitution.

The Eighth Amendment of the United States Constitution prohibits cruel and unusual punishment, which includes extreme sentences that are grossly disproportionate to the crime. *Graham v. Florida*, 560 U.S. 48, 58-60, 130 S. Ct. 2011, 2021,

---

[2] Citing primarily law-review articles, appellant asserts that his punishment was excessive on the account of his mental illness. Once again, appellant does not cite any binding authority to support this contention. Furthermore, the record reflects that appellant's mental illness stems from years of huffing paint and drug abuse. Moreover, during his previous stint in prison, appellant was transferred to Rusk State Hospital for specialized treatment of his mental illness for four years. Appellant also received treatment at Austin State Hospital and the DePaul Center. Apparently, none of these treatments were successful, as appellant engaged in numerous fights throughout his incarceration and once he was released from prison. At one point, appellant threatened to kill his mother. Though Dr. Carter opined that appellant could be treated, he later acknowledged that appellant probably should be confined in prison to prevent another unprovoked outburst, because appellant's brain damage will remain and he could still be dangerous in the future. Based on our review of the record and the lack of binding authority on this matter, we do not believe that appellant's sentence shocks the sense of humankind as to be cruel and unusual punishment prohibited by the United States and Texas Constitutions. *See Hyde v. State*, 723 S.W.2d 754, 755 (Tex. App.—Texarkana 1986, no pet.); *see also Hernandez v. State*, No. B14-92-00704-CR, 1994 Tex. App. LEXIS 2182, at **17-18 (Tex. App.—Houston [14 th Dist.] Sept. 1, 1994, no pet.) (mem. op., not designated for publication). This is especially true given the fact that appellant's own expert admitted that confinement in prison probably is necessary to prevent another unprovoked outburst from appellant. We also note that, besides speculation, appellant has not provided any tangible evidence demonstrating that the current state of the Texas prison system is ill-equipped to address appellant's mental-health issues.

176 L. Ed. 2d 825 (2010); *see* U.S. CONST. amend VIII. It does not, however, require strict proportionality between the crime and sentence. *Ewing v. California*, 538 U.S. 11, 23, 123 S. Ct. 1179, 1186-87, 155 L. Ed. 2d 108 (2003). The precise contours of the "grossly disproportionate" standard are unclear, but it applies only in "exceedingly rare" and "extreme" cases. *Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S. Ct. 1166, 1173-74, 155 L. Ed. 2d 144 (2003). "A narrow exception to the general rule that a sentence within the statutory limits is not excessive, cruel, or unusual is recognized when the sentence is grossly disproportionate to the offense." *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.); *see Harmelin v. Michigan*, 501 U.S. 957, 1004-05, 111 S. Ct. 2680, 2707, 115 L. Ed. 2d 836 (1991) (Kennedy, J., concurring); *Solem v. Helm*, 463 U.S. 277, 290-92, 103 S. Ct. 3001, 3010-11, 77 L. Ed. 2d 637 (1983); *McGruder v. Puckett*, 954 F. 2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.) (noting that the prohibition against grossly disproportionate punishment survives under the Eighth Amendment apart from any consideration of whether the punishment assessed is within the range established by the legislature).

In conducting a proportionality analysis, we first make a threshold comparison of the gravity of the offense against the severity of the sentence. *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd); *see Solem*, 463 U.S. at 290-91, 103 S. Ct. at 3010; *McGruder*, 954 F. 2d at 316. If we determine that the sentence is grossly disproportionate to the offense, we must then compare the sentence received to sentences for similar crimes in this jurisdiction and sentences for the same crime in

other jurisdictions. *Alvarez v. State*, 63 S.W.3d 578, 581 (Tex. App.—Fort Worth 2001, no pet.); *see Solem*, 463 U.S. at 291-92, 103 S. Ct. at 3010; *McGruder*, 954 F. 2d at 316. Punishment will be grossly disproportionate to a crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme. *Baldridge v. State*, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (citing *Harmelin*, 501 U.S. at 1004-06, 111 S. Ct. at 2706-08).

With regard to the first prong of the *Solem* analysis, the evidence demonstrated that appellant entered the house of Cox, an elderly man; demanded Cox's wallet; and beat Cox severely when Cox refused to comply with appellant's demands. *See Solem*, 463 U.S. at 290-91, 103 S. Ct. at 3010. As a result of the beating, Cox sustained cuts, bruises, and bleeding in the brain, which required a two-day stay in the Intensive Care Unit. Moreover, in addition to this violent offense, the record reflects that appellant has two prior-felony convictions for violent offenses, including assault of a public servant and injury to an elderly person. *See Winchester v. State*, 246 S.W.3d 386, 390 (Tex. App.—Amarillo 2008, pet. ref'd) (stating that, when conducting an Eighth Amendment proportionality analysis, we may consider the sentence imposed in light of the accused's prior offenses); *Culton v. State*, 95 S.W.3d 401, 403 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (same). These prior felony convictions were used to enhance the punishment range for the offense charged in this case.

Comparing the gravity of the offense against the severity of the sentence, and based on our review of the record, we do not believe that appellant's ninety-nine-year sentence is grossly disproportionate to the offense. *See Moore*, 54 S.W.3d at 542; *see also*

*Solem*, 463 U.S. at 290-91, 103 S. Ct. at 3010; *McGruder*, 954 F. 2d at 316.  And because we have concluded that the imposed sentence is not grossly disproportionate to the charged offense, we need not address the second and third prongs of the *Solem* analysis.[3]  *See* TEX. R. APP. P. 47.1, 47.4; *see also Solem*, 463 U.S. at 291-92, 103 S. Ct. at 3010; *McGruder*, 954 F. 2d at 316; *Davis v. State*, 119 S.W.3d 359, 364 (Tex. App.—Waco 2003, pet. ref'd).  Accordingly, we overrule appellant's third issue.

## IV.   CONCLUSION

Having overruled all of appellant's issues, we affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
(Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed February 6, 2014
Do not publish
[CRPM]

*(Chief Justice Gray concurs.  A separate opinion will not be issued.  He has, however, provided the following note.  By joining the judgment and opinion in this case, I do not foreclose the possibility that the Texas right against cruel or unusual punishment would prevent a level or type punishment that did not violate the United States Constitutional prohibition against cruel and unusual punishment.  Words are the tools of the legal profession, and we are charged to learn to use them with precision.  "And" is different than "or."  Words have meaning, and the use of different words has a consequence.  But

---

[3] However, we do note that appellant did not address, nor does the record support, a review of the second and third prongs of the *Solem* analysis.  *See Solem v. Helm*, 463 U.S. 277, 291-92, 103 S. Ct. 3001, 3010, 77 L. Ed. 2d 637 (1983).

as to this case, on this record, I am confident that under any measure or analysis, a ninety-nine-year sentence for Mr. Valdez as his punishment for the crime he committed violates neither constitution.)