**Andrew DURAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–10–00212–CR, 01–10–00213–CR.**

Court of Appeals of Texas, Houston [1st Dist.].

Aug. 25, 2011.

Discretionary Review Refused March 7, 2012.

Winston E. Cochran Jr., Houston, TX, for Appellant.

Roger L. Ezell, Criminal District Attorney, Galveston, TX, for Appellee.

Panel consists of Justices JENNINGS, BLAND, and MASSENGALE.

## OPINION

MICHAEL MASSENGALE, Justice.

A jury convicted appellant Andrew Duran of the second-degree felony offense of indecency with a child (trial court case number 09CR1136; appellate court case number 01–10–00212–CR), *see* TEX. PENAL CODE ANN. § 21.11(a)(1), (d) (West 2011), and of the first-degree felony offense of aggravated sexual assault of a child (trial court case number 09CR1137; appellate court case number 01–10–00213–CR), *see id.* § 22.021(a)(1)(B)(ii), (a)(2)(B), (e). Each conviction was enhanced with an allegation that Duran was previously convicted of the felony offense of indecency with a child. Duran pleaded true to the enhancement allegations, and the trial court assessed punishment at life in prison. *See id.* § 12.42(c)(2)(A)(i), (B)(ii) (providing automatic life sentence for defendant convicted of indecency with child or aggravated sexual assault of child if previously convicted of indecency with child).

On appeal, Duran brings six issues challenging the constitutionality of his sentence under the United States Constitution's prohibition of cruel and unusual punishments and under sections 10 and 13 of the Texas Bill of Rights. U.S. CONST. amend. VIII; TEX. CONST. art. I, §§ 10, 13. Duran contends that the statute providing for a mandatory life sentence is unconstitutional because it does not allow for the consideration of mitigating evidence and because it effectively deprived him of the right to a jury trial. We affirm.

## Analysis

### I. Consideration of mitigating factors

#### a. Federal constitutional argument

■ The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," and this constitutional prohibition has been held to apply to the states by application of the Due Process Clause of the Fourteenth Amendment. *See* U.S. CONST. amends. VIII, XIV; *Robinson v. California,* 370 U.S. 660, 675, 82 S.Ct. 1417, 1425, 8 L.Ed.2d 758 (1962). In his first and second issues, Duran contends that the imposition of a mandatory life sentence for his convictions violates the Eighth Amendment because it precludes the consideration of mitigating evidence. He does not contest the excessiveness or proportionality of his own sentence other than to the extent he challenges the constitutionality of all mandatory-sentencing statutes.

In *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), the United States Supreme Court overruled an Eighth Amendment objection to a mandatory life-without-parole sentence. The petitioner argued that his sentence was cruel and unusual because the mandatory sentence was disproportionate to the crime for which he was convicted (possession of more than 650 grams of cocaine), and because the judge was statutorily required to impose his sentence and could not consider any mitigating factors. *See* 501 U.S. at 961–62, 111 S.Ct. at 2683–2684. Announcing the opinion of the Court, Justice Scalia wrote:

> [Petitioner] argues that it is "cruel and unusual" to impose a mandatory sentence of such severity, without any consideration of so-called mitigating factors such as, in his case, the fact that he had no prior felony convictions....
>
> ... [T]his claim has no support in the text and history of the Eighth Amend-

ment. Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history.... There can be no serious contention, then, that a sentence which is not otherwise cruel and unusual becomes so simply because it is "mandatory."

*Id.* at 994–95, 111 S.Ct. at 2701. Similarly, Justice Kennedy wrote in his concurring opinion:

> Petitioner would have us hold that any severe penalty scheme requires individualized sentencing so that a judicial official may consider mitigating circumstances. Our precedents do not support this proposition, and petitioner presents no convincing reason to fashion an exception or adopt a new rule in the case before us....
>
> ... It is beyond question that the legislature "has the power to define criminal punishments without giving the courts any sentencing discretion[.]"

*Id.* at 1006, 111 S.Ct. at 2707–08 (Kennedy, J., concurring in part and concurring judgment) (quoting *Chapman v. United States,* 500 U.S. 453, 467, 111 S.Ct. 1919, 1928, 114 L.Ed.2d 524 (1991)).

Duran argues that *Harmelin*'s holding "cannot be squared with" the Supreme Court's more recent opinion in *Graham v. Florida,* —— U.S. ——, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). The *Graham* holding does not directly control Duran's appeal because the petitioner in that case was not sentenced under a mandatory sentencing scheme, and he had the opportunity to introduce mitigating evidence. *Graham,* 130 S.Ct. at 2018–19. Nevertheless, Duran construes *Graham* to instruct that mitigating factors now must be considered as part of the "judicial exercise of independent judgment" in applying the Eighth Amendment, which he contends requires

all courts to consider "the culpability of the offenders at issue in light of their crimes and characteristics, along with the severity of the punishment in question." *Id.* at 2026. Duran characterizes this language in *Graham* as "call[ing] for a reconsideration of the law," and he argues that the rule requiring consideration of mitigating circumstances in the death-penalty context should be extended to this case. We reject this argument.

In *Graham*, the petitioner challenged the constitutionality of mandatory life-without-parole sentences for juvenile offenders in nonhomicide cases. *Id.* at 2017–18. With respect to proportionality challenges under the Eighth Amendment,[1] *Graham* observed that the relevant authorities "fall within two general classifications": those challenging "the length of term-of-years sentences given all the circumstances in a particular case" and those in which "certain categorical restrictions" have been employed to implement the proportionality standard. *Id.* at 2021. Duran's challenge is of the categorical variety because he contends that the mandatory sentence is unconstitutional for the reason that it precludes consideration of mitigating circumstances.[2]

In cases adopting categorical Eighth Amendment sentencing rules, the Supreme Court has considered " 'objective indicia of society's standards, as expressed in legislative enactments and state practice' to determine whether there is a national consensus against the sentencing practice at issue." *Id.* (quoting *Roper v. Simmons*, 543 U.S. 551, 563, 125 S.Ct. 1183, 1191, 161 L.Ed.2d 1 (2005)). "Next, guided by 'the standards elaborated by controlling precedents and by the Court's own understanding and interpretation of the Eighth Amendment's text, history, meaning, and purpose,' " *id.* (quoting *Kennedy v. Louisiana*, 554 U.S. 407, 421, 128 S.Ct. 2641, 2650, 171 L.Ed.2d 525, *modified on denial of reh'g,* —— U.S. ——, 129 S.Ct. 1, 171 L.Ed.2d 932 (2008)), the Court determines "in the exercise of its own independent judgment whether the punishment in question violates the Constitu-

---

**1.** The Court observed that most Eighth Amendment challenges do not complain that the punishment is "inherently barbaric," but instead contend that the sentence is "disproportionate to the crime." *Graham v. Florida,* —— U.S. ——, 130 S.Ct. 2011, 2021, 176 L.Ed.2d 825 (2010). Duran's complaint likewise relates to the proportionality of his sentence insofar as mitigating circumstances were statutorily excluded from consideration in his sentencing. *Harmelin* specifically rejected the suggestion—and Duran does not argue in this appeal—that the Eighth Amendment categorically prohibits sentences of life imprisonment without parole as a method of punishment. *See Harmelin v. Michigan,* 501 U.S. 957, 994–95, 111 S.Ct. 2680, 2701, 115 L.Ed.2d 836 (1991).

**2.** *See, e.g., Meadoux v. State,* 325 S.W.3d 189, 194 (Tex.Crim.App.2010), *cert. denied,* —— U.S. ——, 131 S.Ct. 1827, 179 L.Ed.2d 784 (2011). Before *Graham*, the categorical approach was exclusively applied in death-penalty cases. *See Graham*, 130 S.Ct. at 2022.

One of *Graham's* innovations was the application of the categorical approach in a non-death-penalty circumstance, sustaining a categorical challenge to a term-of-years sentence and holding that the Eighth Amendment proscribes sentences of life without parole for juvenile offenders in nonhomicide cases. In reaching this conclusion, *Graham* observed a subdivision of categorical Eighth Amendment challenges between those considering the "nature of the offense" (e.g., unavailability of capital punishment for nonhomicide crimes against individuals, *see Kennedy v. Louisiana,* 554 U.S. 407, 438, 128 S.Ct. 2641, 2660, 171 L.Ed.2d 525 (2008)) and those considering the "characteristics of the offender" (e.g., unavailability of capital punishment for juvenile offenders, *see Roper v. Simmons,* 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), and the mentally disabled, *see Atkins v. Virginia,* 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002)). *See id.* Notably, Duran's argument fits neither of these subdivisions of categorical challenges acknowledged in *Graham.*

tion." *Id.* (citing *Roper,* 543 U.S. at 572, 125 S.Ct. at 1196–97). It was in the context of this second step of the categorical analysis of a particular sentencing practice that the *Graham* Court observed that "[t]he judicial exercise of independent judgment requires consideration of the culpability of the offenders at issue in light of their crimes and characteristics, along with the severity of the punishment in question." *Id.* at 2026 (citing *Roper,* 543 U.S. at 572, 125 S.Ct. at 1196–97; *Kennedy,* 554 U.S. at 436–37, 128 S.Ct. at 2659–60). *Graham's* reference to the "culpability of the offenders" was not an indication that mitigating circumstances relating to the culpability of each individual defendant must be considered in sentencing; it was, instead, an acknowledgement that certain punishments may be categorically classified as disproportionate when applied to certain classes of offenders who are relatively less culpable than other offenders, such as juveniles, the intellectually disabled, or defendants who did not kill or intend to kill. *Id.* at 2026–30.

Duran was not a juvenile when he committed the charged offenses, so *Graham* does not apply to him. He offers no argument that he is part of a category of defendants who, like the juvenile offenders at issue in *Graham,* should never be subject to a sentence of life without parole for a nonhomicide offense. Accordingly, *Harmelin* controls the outcome of Duran's appeal. Under *Harmelin,* we conclude that the Eighth Amendment is not violated by the unavailability of any procedural mechanism to allow the court or jury to consider mitigating factors under the mandatory sentencing scheme contained within the Texas Penal Code's habitual offender statute. *See Harmelin,* 501 U.S. at 994–95, 111 S.Ct. at 2701; *accord Wilkerson v. State,* 347 S.W.3d 720, 723 (Tex.App.-Houston [14th Dist.] 2011, no pet.) (*Graham* "turned strictly upon the application of the Eighth Amendment's narrow proportionality principle, not the right to produce evidence of mitigating circumstances").

### b. State constitutional argument

■ In his third and fourth issues, Duran argues that a mandatory sentencing statute violates Section 13 of the Texas Bill of Rights, which provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." Tex. Const. art. I, § 13. This language is nearly identical to the Cruel and Unusual Punishments Clause of the Eighth Amendment, with one variation. The Texas Constitution states its prohibition disjunctively—"cruel or unusual" punishments—instead of the Eighth Amendment's conjunctive formulation—"cruel and unusual."

Apart from the text itself, Duran offers no authority to support his argument that the state and federal constitutional provisions are not coextensive because of the substantively different meanings of "and" and "or." The Court of Criminal Appeals has rejected the contention that the distinction permits the Texas provision to be interpreted more expansively than the Eighth Amendment with respect to the constitutionality of capital punishment. *See Cantu v. State,* 939 S.W.2d 627, 645 (Tex.Crim.App.1997); *Anderson v. State,* 932 S.W.2d 502, 509 (Tex.Crim.App.1996) (holding that capital punishment is neither cruel nor unusual for purposes of Texas Constitution). While Duran argues based on text that a punishment may be prohibited in Texas solely because it is "cruel" or solely because it is "unusual," he does not argue that these terms have unique meanings under the state constitution; accordingly, we will not assume that those terms mean something different in the Texas Constitution from their meaning in the Eighth Amendment. *See Muniz v. State,* 851 S.W.2d 238, 251–52 (Tex.Crim.App.

1993); *Heitman v. State*, 815 S.W.2d 681, 690 n. 23 (Tex.Crim.App.1991).

Duran's arguments are inconsistent with controlling authorities applying the Texas constitutional prohibition of cruel or unusual punishment. For example, in *Lambright v. State*, 167 Tex.Crim. 96, 318 S.W.2d 653 (1958), the sole issue before the Court of Criminal Appeals was whether punishments of 40– and 99–year prison terms for the offense of robbery by assault violated the Texas Constitution's prohibition of "cruel or unusual" punishments. *See* 318 S.W.2d at 653. The Court affirmed the constitutionality of the punishments under the Texas Constitution because "[t]he extent of the punishment to be assessed so long as it is within the statute rests solely with the judge or jury trying the case." *Id.* Because "[t]he punishment assessed was within the limits authorized by law," the Court found no violation of the Texas Constitution "in the extent of the punishment assessed." *Id.* Consistent with Lambright, Texas courts have routinely held that punishment that falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See, e.g., Samuel v. State*, 477 S.W.2d 611, 614 (Tex.Crim.App.1972) ("where the punishment assessed by the judge or jury was within the limits prescribed by the statute the punishment is not cruel and unusual within the constitutional prohibition"); *Ajisebutu v. State*, 236 S.W.3d 309, 314 (Tex.App.-Houston [1st Dist.] 2007, pet. ref'd) ("Generally, a sentence within the statutory range of punishment for an offense will not be held cruel or unusual under the Constitution of either Texas or the United States."). "Moreover, the fact that a certain non-death-penalty punishment is mandatory, and thereby precludes consideration of mitigation evidence, does not automatically render the punishment cruel and unusual." *Moore v. State*, 54 S.W.3d 529, 541 (Tex.App.-Fort Worth 2001, pet. ref'd).

■ The Legislature has determined that a severe penalty is warranted and, by implication, not cruel when the evidence shows the defendant has committed indecency with a child or sexually assaulted a child after previously being convicted of indecency with a child. *See* Tex. Penal Code Ann. § 12.42(c)(2)(A)(i), (B)(ii). Such a mandatory sentence is not "unusual" merely because it is reserved for a small number of crimes. *See Harmelin*, 501 U.S. at 994–95, 111 S.Ct. at 2701 ("Severe, mandatory penalties ... are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history."). Therefore, because the life sentence required by Texas Penal Code section 12.42(c)(2) is authorized by statute, its mandatory imposition without regard to mitigation evidence does not constitute cruel or unusual punishment within the meaning of Texas Constitution. *Id.*

We hold that the mandatory life sentences imposed under section 12.42(c) of the Texas Penal Code are not unconstitutional under the Eighth Amendment to the United States Constitution or Article I, section 13 of the Texas Constitution. We overrule Duran's first four issues.

## II. Right to jury trial

■ In his fifth and sixth issues, Duran argues that the mandatory life sentences violated his right to trial by jury under the Texas Constitution. Article I, section 10 addresses the rights of the accused in criminal prosecutions, and it provides, in part: "In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury." Tex. Const. art. I, § 10. Duran's complaint on appeal is that the mandatory sentencing provision of Penal Code section 12.42(c) precludes him from obtaining a jury's determination of an appropriate sentence based upon its evaluation of the evidence and deliberation.

In *Ex parte Marshall,* 72 Tex.Crim. 83, 161 S.W. 112 (1913), the Court of Criminal Appeals addressed whether the Texas Constitution requires "that the jury shall assess the punishment." 161 S.W. at 113. The Court held that "the fixing of the penalty by a jury" is not "either implied or guaranteed" by the Texas Constitution. *Id.* This understanding that a criminal defendant's right to a jury trial under the Texas Constitution does not include the right to have a jury assess punishment still prevails. *See, e.g., Bullard v. State,* 548 S.W.2d 13, 16 (Tex.Crim.App.1977) (Article I, section 10 has "been held to only guarantee a trial by jury where one was provided for by common law or by a statute in effect when the Constitution was adopted in 1876"), *superseded on other grounds by statute,* TEX.CODE CRIM. PROC. ANN. art. 44.29(b), *as recognized in Carson v. State,* 6 S.W.3d 536, 538–39 (Tex.Crim.App.1999); *Martinez v. State,* 66 S.W.3d 467, 471 (Tex. App.-Houston [1st Dist.] 2001, pet. ref'd) ("the Texas Constitutional right to a jury trial does not include the right to have the jury assess punishment").

Duran's guilt was determined by a jury, and he raised no objections to that phase of the proceeding. We overrule his fifth and sixth issues.

## Conclusion

We affirm the judgments of the trial court.