

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00002-CR

JAKE HENRY OGLESBY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 52nd District Court
Coryell County, Texas[1]
Trial Court No. 13-21767, Honorable Trent D. Farrell, Presiding

September 10, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Jake Henry Oglesby, pleaded guilty to the offense of aggravated sexual assault of a child.[2] The offense is a first-degree felony.[3] Pursuant to a plea agreement, appellant received ten years' deferred adjudication. Subsequently, the State filed a motion to adjudicate appellant guilty. After hearing the evidence, the trial

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Tenth Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] See TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii) (West Supp. 2014).

[3] See id. § 22.021(e) (West Supp. 2014).

court adjudicated appellant guilty of aggravated sexual assault of a child. At the conclusion of the punishment hearing, the trial court sentenced appellant to 40 years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). On appeal, appellant contends that his sentence is: (1) cruel or unusual under the Texas Constitution, (2) cruel and unusual under the Eight Amendment to the United States Constitution, and (3) grossly disproportionate. Disagreeing with appellant, we will affirm.

Factual and Procedural Background

Appellant does not contend that his plea was entered involuntarily, nor does he contend that the evidence was insufficient to support the trial court's decision to adjudicate him guilty of the offense. Accordingly, our review of the factual and procedural background will be very brief and narrowly focused.

At the hearing on the issue of punishment, appellant offered the testimony of William Lee Carter, Ed.D. Dr. Carter had been appointed by the trial court, at the request of appellant's trial counsel, to do a psychological evaluation of appellant. During Dr. Carter's testimony, it was explained that appellant had a very abnormal and troubled life. Appellant's mother and father divorced when appellant was quite young. He had been sexually and physically abused by his father during visitation following the divorce, and this situation ultimately led to his removal from the home at age 10. Appellant spent the next six years in the care of the State of Texas. During this time, appellant lived in a shelter, one psychiatric hospital, and two different residential treatment facilities. Upon release from State care, appellant moved back in with his mother and younger brother.

2

Appellant's life in his mother's home was described as chaotic. Appellant did obtain a high school diploma but, the record indicates, that he spent his high school years in a self-contained unit for students who were deemed to have significant emotional problems.

Dr. Carter opined that appellant was neither able to form any type of healthy attachments to people, nor was appellant able to control any internal impulses. Dr. Carter ultimately diagnosed appellant with reactive attachment disorder and attention deficit hyperactive disorder, impulse type.

However, Dr. Carter further opined that appellant would have a high likelihood of recidivism. Ultimately, Dr. Carter testified that the best option for appellant was incarceration.

The trial court, after hearing the punishment evidence, sentenced appellant to confinement in the ID-TDCJ for 40 years. Appellant filed a motion for new trial, in which, he raised the issues of cruel and unusual punishment and disproportionate sentence. The motion was overruled by operation of law.[4] This appeal followed.

On appeal, appellant now contends that the sentence violated the Texas Constitution prohibition against cruel or unusual punishment. *See* TEX. CONST. art. 1, § 13. Appellant also contends that the sentence violates the prohibition of the United States Constitution regarding cruel and unusual punishment. *See* U.S. CONST. amend.

---

[4] The clerk's record contains an order setting the motion for new trial for a hearing; however, there is no order overruling the motion in the clerk's record, and the trial court's docket sheet contains no entry regarding a hearing on the motion for new trial.

VIII. Finally, appellant contends that the sentence is grossly disproportionate. Disagreeing with appellant, we will affirm.

Standard of Review

Appellant contends that we should review this matter under the abuse of discretion standard associated with the denial of a motion for new trial. *See Weaver v. State,* 999 S.W.2d 913, 916 (Tex. App.—Waco 1999, no pet.). Further, he maintains that we should review the constitutional questions *de novo. See Moore v. State,* 169 S.W.3d 467, 474 (Tex. App.—Texarkana 2004, pet. ref'd).

On the other hand, the State contends that the issue is one of whether the trial court abused its discretion in sentencing. *See Jackson v. State,* 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (en banc). Further, the State posits that, if the sentence is within the statutorily prescribed guidelines, the sentence is reviewable under the gross-disproportionality standard. *See Jarvis v. State*, 315 S.W.3d 158, 162 (Tex. App.—Beaumont 2010, no pet.) (citing *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)).

We will apply the *de novo* standard to the question concerning cruel and unusual punishment. If the trial court's sentence was proper under that standard, then the trial court did not abuse its discretion in assessing the sentence. *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (en banc). As to the question of whether the sentence was grossly disproportionate, we will apply the standard suggested in *Jarvis v. State. See Jarvis*, 315 S.W.3d at 162.

## Cruel or Unusual Punishment

Both the United States and Texas Constitutions prohibit cruel and/or unusual punishment. The United States Constitution, via the Eighth Amendment, states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. This provision is made applicable to the states by virtue of the Fourteenth Amendment. *See* U.S. CONST. amend. XIV.; *Furman v. Georgia,* 408 U.S. 238, 239, 92 S. Ct. 2726, 33 L. Ed. 2d 346 (1972). The Texas Constitution states the prohibition in the following manner: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." TEX. CONST. art I, § 13. The linguistic difference is in the use of the conjunctive "and" in the United States Constitution and the disjunctive "or" in the Texas Constitution. Appellant posits that this linguistic difference means that the Texas Constitution provides more protection to appellant than that offered by the United States Constitution.

In this regard, the law of the State of Texas is against appellant. The Texas Court of Criminal Appeals has determined that there is no significant difference in the protection afforded by either constitution. *See Cantu v. State,* 939 S.W.2d 627, 645 (Tex. Crim. App. 1997) (en banc) (citing *Anderson v. State,* 932 S.W.2d 502, 509 (Tex. Crim. App. 1996) (en banc), and holding that capital punishment is neither cruel nor unusual for purposes of the Texas Constitution); *see also Valdez v. State,* No. 10-12-00410-CR, 2014 Tex. App LEXIS 1375, at *5 (Tex. App.—Waco Feb. 6, 2014, pet. ref'd) (mem. op., not designated for publication); *Duran v. State,* 363 S.W.3d 719, 723 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Accordingly, we will analyze appellant's

constitutional contentions regarding cruel and unusual punishment together and not under any separate analysis. *See Ajisebutu v. State,* 236 S.W.3d 309, 311 n.2 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (recognizing that, had appellant's issue been properly preserved, the courts in Texas have declined requests to review the federal and state issues separately).

When punishment is assessed within the legislatively prescribed limits, Texas courts have held that such punishment does not violate the constitutional prohibitions against cruel and unusual punishment. *See Valdez,* 2014 Tex. App LEXIS 1375, at *7; *see also Duran*, 363 S.W.3d at 724. As stated above, we will not assume the United States Constitutional prohibition against cruel and unusual punishment means anything differently. *See Duran*, 363 S.W.3d at 723-24 (citing *Muniz v. State*, 851 S.W.2d 238, 251–52 (Tex. Crim. App. 1993) (en banc), and *Heitman v. State,* 815 S.W.2d 681, 690 n.23 (Tex. Crim. App. 1991) (en banc)).

The record before us shows that appellant was charged with a first degree-felony offense. A first-degree felony is punishable by a term of confinement for life or for any term of not more than 99 years or less than 5 years. *See* TEX. PENAL CODE ANN. § 12.32(a) (West 2011). Appellant was sentenced to 40 years incarceration in the ID-TDCJ. His sentence was less than one-half of the statutory maximum. *See id.* Accordingly we cannot and will not say that such a sentence is cruel and unusual. *See Valdez,* 2014 Tex. App LEXIS 1375 at *7; *see also Duran*, 363 S.W.3d at 724. Appellant's first two issues are overruled.

To convince the Court that appellant's sentence violates the prohibitions against cruel and unusual punishment, appellant spends a great deal of time reminding the Court of appellant's mental illness. Appellant then goes through an extensive discussion about the dichotomy his case presents between treatment and incarceration. While we understand, and are somewhat sympathetic to, appellant's personal plight, the issues raised are more a concern for the legislature in the area of funding mental health alternatives. They do not, however, render his sentence cruel or unusual.

Grossly Disproportionate Sentence

Appellant's final issue contends that the sentence he received is grossly disproportionate. A legislatively prescribed sentence is subject to a limited review under the Eighth Amendment prohibition against cruel and unusual punishment if the sentence can be held to be grossly disproportionate to the gravity of the offense. *See Graham v. Florida*, 560 U.S. 48, 58–60, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010); *Valdez,* 2014 Tex. App LEXIS 1375, at *11–12; *Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App—Amarillo 2008, pet. ref'd).

The United States Supreme Court addressed the issue of proportionality of sentences in *Solem v. Helm,* 463 U.S. 277, 290, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under the test laid down in *Solem,* the following objective criteria was set forth: (1) the gravity of the offense and the harshness of the penalty; (2) the sentence imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id.* at 292. However, *Solem* was modified by the courts ruling in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680,

7

115 L. Ed. 2d 836 (1991). *Harmlein* was a plurality opinion in which two justices rejected the *Solem* proportionality test altogether, *see id.* at 962; three justices said there was a narrow proportionality principle contained within the Eighth Amendment, *see id.* at 997; and four justices said that, in essence, *Solem* was correctly decided. *See id.* at 1027. Following *Harmelin*, the Fifth Circuit Court of Appeals subsequently adopted the modified *Solem* test. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992). Under the *McGruder* analysis, the initial inquiry is a comparison of the gravity of the offense against the severity of the punishment received. *See id.* Only when the court finds that the sentence is grossly disproportionate to the offense does the reviewing court apply the final two prongs of the *Solem* test. *See id.* The 10th Court in Waco and this Court have applied the principles set forth in *McGruder*. *See Valdez,* 2014 Tex. App LEXIS 1375, at *13–14, *Winchester*, 246 S.W.3d at 390.

When we apply these principles to the case before us, the first consideration is the gravity of the offense. The record shows that the victim of appellant's aggravated sexual abuse was a six-year-old male child. The victim was a cousin of appellant and was described as being somewhat slower developing. The record further demonstrates that appellant was 22 years old at the time of sentencing. The range of punishment was up to life or any period of confinement of not more than 99 years or less than 5 years. *See* TEX. PENAL CODE ANN. § 12.32(a). Further, the psychologist, Dr. Carter, testified that there was a high probability of appellant reoffending. In light of the 40-year sentence being less than one-half of the maximum, we do not find the appellant's sentence to be grossly disproportionate to the offense. *See Valdez,* 2014 Tex. App

8

LEXIS 1375, at *13–14, *Winchester*, 246 S.W.3d at 390.  Because of our finding on the threshold issue, we need not address the final two prongs of the *Solem* analysis.  *See Valdez,* 2014 Tex. App LEXIS 1375, at *13–14, *Winchester*, 246 S.W.3d at 390.  We overrule appellant's third issue.

## Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.