

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-19-00410-CR

---

VALERIE ANN GIBSON, APPELLANT

V.

THE STATE OF TEXAS

---

On Appeal from the 100th District Court
Childress County, Texas,
Trial Court No. 6282, Honorable Dan Mike Bird, Presiding

---

October 14, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Valerie Ann Gibson, appeals the trial court's judgment adjudicating her guilty of the offense of hindering apprehension or prosecution[1] and sentencing her to ten years' incarceration in the Institutional Division of the Texas Department of Criminal

---

[1] TEX. PENAL CODE ANN. § 38.05(d) (West 2016).

Justice.[2]  Appellant challenges her sentence as being disproportionate to the gravity of the offense.  We affirm.

## Background

In November 2018, appellant was placed on deferred adjudication community supervision for four years for the offense of hindering apprehension or prosecution.  As part of her community supervision, appellant was required to complete two hundred hours of community service and assessed a $500 fine and $4,000 in restitution.  Two months later, the State moved to revoke appellant's community supervision and adjudicate her guilty of the original offense based on allegations that appellant had committed multiple violations of the terms and conditions of her community supervision.

In May 2019, an agreed order amending appellant's conditions of community supervision was filed.  The amended order required appellant to complete drug treatment at the Concho Valley Community Corrections Facility Substance Abuse Treatment Facility, to obey all rules and regulations of the facility, to pay a percentage of her income to the facility for room and board, and to remain at the facility until she was satisfactorily discharged.

In July 2019, the State filed its second motion to adjudicate the guilt of appellant. In its motion, the State alleged that appellant had violated the terms and conditions of her

---

[2] Hindering apprehension or prosecution is a third-degree felony, punishable by imprisonment for any term of not more than ten years or less than two years and a fine not to exceed $10,000.  TEX. PENAL CODE ANN. § 12.34 (West 2019).

community supervision by failing to obey the rules and regulations of the Concho Valley program and failing to successfully complete the program.

The trial court conducted a hearing on the State's motion in November 2019. Appellant pleaded not true to the allegations. During the hearing, appellant's community supervision officer, Meghan Gribble, testified that appellant's conditions of community supervision were amended to require her treatment at the Concho Valley facility due to appellant's failure to report as required and appellant's admission of using methamphetamine and marihuana on multiple occasions shortly after appellant was placed on community supervision. Appellant was at the treatment facility less than a month before she was discharged for violating the facility rules. Gribble testified that appellant should not be allowed to remain on community supervision because appellant is a risk to society.

Appellant's probation officer at the Concho Valley facility, Christine Lara, also testified. According to Lara, appellant committed multiple infractions while she was at the facility, including disrupting the peace, threatening to abscond, misusing facility property, cursing, and failing to attend Alcoholics Anonymous meetings as scheduled. Lara characterized appellant's attitude while she was at the facility as defiant. This was the second time that appellant had been admitted to the facility. In 2016, appellant was admitted to the facility, but she absconded two months later without successfully completing the program.

At the conclusion of the hearing, the trial court stated that it found that appellant had violated the terms of her community supervision by failing to obey the rules and

3

regulations of the Concho Valley facility. The trial court also stated that it found that appellant was unsatisfactorily discharged from the facility. As such, the trial court adjudicated appellant guilty of the offense of hindering apprehension or prosecution and sentenced her to ten years' incarceration in the Institutional Division of the Texas Department of Criminal Justice.

Appellant timely appealed the resulting judgment. By her appeal, appellant contends that her sentence is disproportionate to the gravity of the offense. Appellant preserved her appellate issue by raising it in her motion for new trial.[3]

Law and Analysis

By her sole issue, appellant contends her sentence is disproportionate to the gravity of the offense.

We begin a review of a challenge to the sentence imposed by comparing the gravity of the offense with the severity of the sentence when all the applicable circumstances are considered. *Noyes v. State*, No. 07-16-00229-CR, 2018 Tex. App. LEXIS 3572, at *6 (Tex. App.—Amarillo May 21, 2018, no pet.) (mem. op., not designated for publication) (citing *Graham v. Florida*, 560 U.S. 48, 60, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010)). In making this assessment, we consider the harm caused or threatened to

---

[3] To preserve for appellate review a complaint that a sentence is grossly disproportionate, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (en banc) (holding complaint of cruel and unusual punishment was waived when presented for first time on appeal); *Kim v. State,* 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing TEX. R. APP. P. 33.1(a)). Error may be preserved for a disproportionate sentencing allegation by filing and presenting a motion for new trial raising the issue. *See Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd) (per curiam).

the victim, the offender's culpability, and the offender's prior adjudicated and unadjudicated offenses. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016) (citing *Graham*, 560 U.S. at 60). Only if we can infer that the sentence is grossly disproportionate to the offense will we compare the sentence appellant received with the sentence others received for similar crimes in this jurisdiction or in other jurisdictions. *Noyes*, 2018 Tex. App. LEXIS 3572, at *6; *Winchester v. State*, 246 S.W.3d 386, 389 (Tex. App.—Amarillo 2008, pet. ref'd). Texas courts have traditionally held that, so long as the punishment imposed lies within the range prescribed by the Legislature in a valid statute, that punishment is not excessive, cruel, or unusual. *See, e.g., Duran v. State*, 363 S.W.3d 719, 724 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). "[T]he sentencer's discretion to impose any punishment within the prescribed range [is] essentially 'unfettered.'" *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). Except for grossly disproportionate sentences, which are "exceedingly rare," " . . . a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Id.* at 323-24.

The offense of hindering apprehension or prosecution is a third-degree felony. TEX. PENAL CODE ANN. § 38.05(d). As such, the applicable range of punishment is a term of not more than ten years or less than two years and a fine not to exceed $10,000. *Id.* § 12.34. Appellant's sentence is the maximum sentence in the statutory range—a range determined by the Legislature to constitute appropriate punishment for this type of crime. Appellant pleaded guilty to the underlying offense of hindering apprehension or prosecution. Appellant also signed six admission of use forms that stated that she used methamphetamine and marihuana frequently during the first two months that she was on

5

community supervision.  After she was given the opportunity to receive treatment for her drug use, appellant's community supervision officer testified that appellant remains a "risk to society."  Moreover, the officer assigned to supervise appellant's treatment at the Concho Valley facility testified that appellant committed forty-seven infractions in the month that she resided at the facility and this was the second time that appellant failed to complete the treatment program.  The trial court can consider appellant's failure to comply with the terms and conditions of her community supervision in assessing her sentence. *Vega v. State*, No. 07-19-00111-CR, 2020 Tex. App. LEXIS 4038, at *6 (Tex. App.—Amarillo May 21, 2020, no pet.) (mem. op., not designated for publication); TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2020).

Nothing in the record demonstrates that this sentence was grossly disproportionate to this offense.  Finding no inference of gross disproportionality, we need not and do not reach the considerations regarding sentences for similar crimes in the same jurisdiction and in other jurisdictions, as appellant has provided nothing to consider in those regards. *Noyes* at *6.  We overrule appellant's sole issue.

Conclusion

Having overruled the sole issue that appellant has presented to us on appeal, we affirm the trial court's judgment.

Judy C. Parker
Justice

Do not publish.