

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00001-CR

---

VERNON BUSBY, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 3879, Honorable Stuart Messer, Presiding

---

March 11, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant Vernon Busby, Jr., appeals from the trial court's order revoking his deferred adjudication community supervision, adjudicating him guilty of the third-degree felony offense of resisting arrest with a deadly weapon,[1] and sentencing him to serve ten

---

[1] TEX. PENAL CODE ANN. § 38.03(d) (West 2016).

years in prison.[2]  Appellant challenges the trial court's revocation through three issues. We will affirm.

## Background

In May of 2018, appellant pled guilty to the felony offense of resisting arrest with a deadly weapon.  Pursuant to a plea bargain, the trial court deferred adjudication of appellant's guilt and placed him on three years' community supervision.  As part of his community supervision, appellant was required to pay a $1,500 fine, complete two hundred hours of community service, and attend substance abuse counseling.

In February of 2019, the State filed a motion to adjudicate the guilt of appellant.  In its motion, the State alleged that appellant had violated seven conditions of his community supervision.

At a hearing on the State's motion, appellant appeared with counsel and entered a plea of not true to all allegations.  Carol McKay, appellant's community supervision officer, testified that she and appellant reviewed the terms and conditions of appellant's community supervision shortly after appellant's original guilty plea to the charges.  McKay testified that appellant committed multiple violations while he was on supervision including failure to submit to a substance abuse evaluation before June 15, 2018, failure to attend substance abuse counseling, failure to complete his community service hours, failure to pay supervision fees, and failure to report in November and December of 2018 and

---

[2] A third-degree felony is punishable by imprisonment for any term of not more than ten years or less than two years and a fine not to exceed $10,000.  TEX. PENAL CODE ANN. § 12.34 (West 2019).

January of 2019. McKay further testified that when appellant reported in February, appellant admitted having used methamphetamine at a Super Bowl party. The State introduced a form signed by both appellant and McKay in which appellant admitted having used methamphetamine on February 3.[3]

After the State rested, appellant testified. Appellant claimed he was joking, and he denied using methamphetamine during the Super Bowl party, but he acknowledged, "I was around people that were indulging in it." In response to the allegations that he failed to report, appellant stated that he was prescribed medication for vertigo and he cannot remember phone numbers and dates. Appellant admitted that he was not making payments like he was supposed to but that he was financially unable to do so. At the time of trial in December of 2019, appellant claimed that he had adjusted to his medication and that he can "own up" to the responsibilities of his community supervision. On cross-examination, the State explored appellant's explanations and reviewed with appellant his criminal history.

At the conclusion of the hearing, the trial court stated that it found McKay's testimony credible and that appellant had violated the terms of his community supervision by using methamphetamine. The trial court also found that appellant failed to report as directed; failed to pay court-ordered fees; failed to complete a financial statement for the months of June, July, August, September, November, and December of 2018 and

---

[3] The form provided that "an admission to the use of illicit substances and/or alcohol, or the detection of illicit substances and/or alcohol through testing, may result in sanctions or other actions being taken, including the revocation of my probation." The form, dated February 5, 2019, was witnessed by Mark White, a community supervision officer.

January 2019; failed to complete his community service; failed to submit to a substance abuse assessment on June 15; and failed to attend and complete substance abuse counseling. As such, the trial court adjudicated appellant guilty of the offense of resisting arrest with a deadly weapon and sentenced him to ten years' incarceration in the Institutional Division of the Texas Department of Criminal Justice.

Appellant timely appealed the resulting judgment. By his appeal, appellant presents three issues. His first two issues challenge the sufficiency of the evidence supporting the trial court's determination that he failed to pay fines and fees and that he consumed methamphetamine. In his third issue, appellant contends that his sentence is disproportionate to the gravity of the offense.

Law and Analysis

A trial court's order revoking community supervision is reviewed for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc)). In a revocation hearing, the State bears the burden of proving, by a preponderance of the evidence, that the defendant violated the terms and conditions of his community supervision. *Id.* at 763-64; *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (en banc). The State satisfies this burden when the greater weight of credible evidence presented to the trial court creates a reasonable belief that it is more probable than not that the defendant has violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 763-64. An appellate court reviews the evidence presented in a revocation proceeding in the light

4

most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

The trial court is the sole trier of fact and determines issues of credibility and the weight to be given to testimony at a revocation hearing. *Mattias v. State,* 731 S.W.2d 936, 940 (Tex. Crim. App. 1987) (en banc). The trial court can accept or reject any or all of the testimony presented by the State or the defendant. *Id.*

Proof of any one violation of the terms and conditions of community supervision is sufficient to support a revocation. *McDonald v. State*, 608 S.W.2d 192, 200 (Tex. Crim. App. 1980) (op. on reh'g); *Taylor v. State*, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980). A probationer's oral admission of a violation of a term or condition of community supervision made to a probation officer is, by itself, sufficient to support a revocation of community supervision. *Hampton v. State*, No. 07-00-00078-CR, 2000 Tex. App. LEXIS 4721, at *4-5 (Tex. App.—Amarillo July 18, 2000, no pet.) (citing *Cunningham v. State*, 488 S.W.2d 117, 119-21 (Tex. Crim. App. 1972)).

Methamphetamine Use

In the present case, one of the terms and conditions of appellant's community supervision required him to totally abstain from purchasing, using, possessing, or consuming controlled substances, harmful drugs, or any chemical which might cause intoxication unless prescribed by a physician. When appellant reported to his supervision officer, McKay, on February 5, 2019, he admitted to McKay that he had used methamphetamine at a Super Bowl party two days prior. Appellant also signed an acknowledgement of his methamphetamine use on February 3, and it was witnessed by

5

McKay and another supervision officer. This use of methamphetamine occurred during appellant's period of community supervision and constitutes a violation of the terms and conditions of appellant's community supervision. Because an oral admission of a violation of a term or condition of community supervision made to a probationer's probation officer is, by itself, sufficient evidence to support a revocation of community supervision, we must conclude that the evidence is sufficient to support the trial court's determination that appellant violated the terms and conditions of his community supervision. *See Hampton*, 2000 Tex. App. LEXIS 4721, at *4-5. Because proof of only one violation is necessary to support a revocation, we conclude that the trial court did not abuse its discretion in adjudicating appellant guilty of the offense of resisting arrest with a deadly weapon. *See McDonald*, 608 S.W.2d at 200.

We acknowledge that appellant testified he did not use methamphetamine on February 3, he was around others that were using at the party, and he did not understand that the acknowledgement form he signed was "self-incriminating." Importantly, the trial court heard the testimony of McKay and appellant and resolved the credibility issue in favor of McKay. *See Mattias,* 731 S.W.2d at 940.

We conclude the evidence is sufficient to support the trial court's determination that appellant violated the terms and conditions of his community supervision by using methamphetamine, a controlled substance, and this evidence is also sufficient to support the trial court's adjudication of appellant's guilt. *Keelin v. State,* No. 07-13-00420-CR, 2014 Tex. App. LEXIS 8936, at *6-7 (Tex. App.—Amarillo Aug. 13, 2014, pet. ref'd) (mem. op., not designated for publication) (in-person admission to supervision officer and signed

admission of methamphetamine use sufficient evidence to revoke community supervision). Because sufficient evidence of a single violation supports the revocation of community supervision, we need not address appellant's first issue challenging the sufficiency of the evidence to support the violation of failure to pay court-ordered fines and fees. *Id.* at *7; *see* TEX. R. APP. P. 47.1.

Disproportionate Sentence

By his third issue, appellant contends his sentence is disproportionate to the gravity of the offense.[4]

We begin a review of a challenge to the sentence imposed by comparing the gravity of the offense with the severity of the sentence when all the applicable circumstances are considered. *Noyes v. State*, No. 07-16-00229-CR, 2018 Tex. App. LEXIS 3572, at *6 (Tex. App.—Amarillo May 21, 2018, no pet.) (mem. op., not designated for publication) (citing *Graham v. Florida*, 560 U.S. 48, 60, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010)). In making this assessment, we consider the harm caused or threatened to the victim, the offender's culpability, and the offender's prior adjudicated and unadjudicated offenses. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016) (citing *Graham*, 560 U.S. at 60). Only if we can infer that the sentence is grossly disproportionate to the offense will we compare the sentence appellant received with the sentence others received for similar crimes in this jurisdiction or in other jurisdictions.

---

[4] Error may be preserved for a disproportionate sentencing allegation by filing and presenting a motion for new trial raising the issue. *See Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd) (per curiam).

*Noyes*, 2018 Tex. App. LEXIS 3572, at *6; *Winchester v. State*, 246 S.W.3d 386, 389 (Tex. App.—Amarillo 2008, pet. ref'd). Texas courts have traditionally held that, so long as the punishment imposed lies within the range prescribed by the Legislature in a valid statute, that punishment is not excessive, cruel, or unusual. *See, e.g.*, *Duran v. State*, 363 S.W.3d 719, 724 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). "[T]he sentencer's discretion to impose any punishment within the prescribed range [is] essentially 'unfettered.'" *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). Except for grossly disproportionate sentences, which are "exceedingly rare, . . . a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Id.* at 323-24.

The offense of resisting arrest with a deadly weapon is a third-degree felony. TEX. PENAL CODE ANN. § 38.03. As such, the applicable range of punishment is a term of not more than ten years or less than two years and a fine not to exceed $10,000. *Id.* § 12.34. Appellant's sentence is the maximum sentence in the statutory range—a range determined by the Legislature to constitute appropriate punishment for this type of crime.

Appellant pleaded guilty to the underlying offense of resisting arrest with a deadly weapon. In that case, the indictment alleged that appellant used a razor boxcutter to "resist, prevent, or obstruct" his arrest. Appellant admitted that during the first nine months that he was on community supervision, he failed to submit to a substance abuse evaluation, failed to report in November, December, and January, failed to pay court-ordered fines and fees, and failed to file a financial statement for five months. Appellant also signed an admission of use form that stated that he used methamphetamine in

8

February of 2019.  Appellant's community supervision officer testified that appellant was not a good candidate for continued probation because he disregarded the conditions of his supervision.  The trial court can consider appellant's failure to comply with the terms and conditions of his community supervision in assessing his sentence.  *Vega v. State*, No. 07-19-00111-CR, 2020 Tex. App. LEXIS 4038, at *6 (Tex. App.—Amarillo May 21, 2020, no pet.) (mem. op., not designated for publication); *see* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2020).

Nothing in the record demonstrates that this sentence was grossly disproportionate to this offense.  Finding no inference of gross disproportionality, we need not and do not reach the considerations regarding sentences for similar crimes in the same jurisdiction and in other jurisdictions, as appellant has provided nothing to consider in those regards. *Noyes,* 2018 Tex. App. LEXIS 3572, at *6.  We overrule appellant's third issue.

## Conclusion

Having overruled the three issues that appellant has presented to us on appeal, we affirm the trial court's judgment.

Judy C. Parker
Justice

Do not publish.

9