

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00149-CR
No. 07-22-00150-CR

RINO REY ACOSTA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court Nos. 6606, 6607, Honorable Stuart Messer, Presiding

August 23, 2023

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Rino Rey Acosta, appeals the twenty-five-year and fifty-year sentences imposed following his convictions for two separate offenses of burglary of a habitation. Appellant contends that both sentences are unconstitutionally disproportionate to the severity of the offense. We affirm the trial court's judgments.

**BACKGROUND**

In March of 2020, Appellant was charged with two separate offenses of burglary of a habitation. Subsequently, the State filed notices of intent to seek enhanced punishment in both cases. On September 23, 2020, Appellant pleaded guilty to both offenses and, in accordance with the terms of a plea bargain, the trial court deferred adjudications of guilt and placed Appellant on community supervision for a period of four years.

In October of 2021, the State filed motions to adjudicate guilt in both cases. It amended these motions in December. By its motions, the State alleged that Appellant had committed multiple violations of the terms of his community supervision, including by committing the offenses of evading arrest on two occasions, possession of a controlled substance, and assaulting a public servant. In addition, the State alleged that Appellant failed to report for multiple months and failed to pay required fees or file a statement of inability to pay fees for those months.

The trial court held a hearing on the State's motions to adjudicate guilt in May of 2022. Appellant pleaded true to committing the two offenses of evading arrest and to possessing methamphetamine. He pleaded not true to all other allegations. During the hearing, the State offered evidence that Appellant had violated the terms of his community supervision as alleged in the State's motions. At the close of the hearing, the trial court found that Appellant violated the terms of his community supervision by committing two evading arrest offenses, possessing a controlled substance, assaulting a public servant, associating with persons of harmful or disreputable character, failing to appear for an

administrative hearing, and failing to pay court-ordered fees for the months of April to September of 2021. Based on these findings, the trial court adjudicated Appellant guilty of both offenses of burglary of a habitation; found the enhancement paragraph true as to each; and sentenced Appellant to fifty years' incarceration and a $4,000 fine in trial court cause number 6606 (appellate cause number 07-22-00149-CR) and twenty-five years' incarceration in trial court cause number 6607 (appellate cause number 07-22-00150-CR). The trial court ordered the sentences to run consecutively.

Appellant timely filed motions for new trial contending that the sentences were grossly disproportionate, but these motions were overruled by operation of law.[1] Appellant then timely filed notices of appeal.

## ANALYSIS

Appellant presents a single issue in each case by which he contends that the twenty-five and fifty-year sentences are unconstitutionally disproportionate to the gravity of the offenses.

An appellate court reviews a sentence imposed by the trial court under an abuse of discretion standard. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (en banc).

We begin a review of a challenge to the sentence imposed by comparing the gravity of the offense with the severity of the sentence when all applicable circumstances

---

[1] A claim of error for a disproportionate sentence may be preserved by filing and presenting a motion for new trial raising the issue. *See Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd) (per curiam).

3

are considered. *Noyes v. State*, No. 07-16-00229-CR, 2018 Tex. App. LEXIS 3572, at *6 (Tex. App.—Amarillo May 21, 2018, no pet.) (mem. op., not designated for publication) (citing *Graham v. Florida*, 560 U.S. 48, 60, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010)). In making this assessment, we consider the harm caused or threatened to the victim, the offender's culpability, and the offender's prior adjudicated and unadjudicated offenses. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016) (citing *Graham*, 560 U.S. at 60). Only if we can infer that the sentence is grossly disproportionate to the offense will we compare the sentence the appellant received with the sentence others received for similar crimes in this jurisdiction or in other jurisdictions. *Noyes*, 2018 Tex. App. LEXIS 3572, at *6; *Winchester v. State*, 246 S.W.3d 386, 389 (Tex. App.—Amarillo 2008, pet. ref'd). Texas courts have traditionally held that, so long as the punishment imposed lies within the range prescribed by the Legislature in a valid statute, that punishment is not excessive, cruel, or unusual. *See*, *e.g.*, *Duran v. State*, 363 S.W.3d 719, 724 (Tex. App.— Houston [1st Dist.] 2011, pet. ref'd). "[T]he sentencer's discretion to impose any punishment within the prescribed range [is] essentially 'unfettered.'" *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). Except for grossly disproportionate sentences, which are "exceedingly rare, . . . a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Id.* at 323–24.

The offense of burglary of a habitation is a second-degree felony. *See* TEX. PENAL CODE ANN. § 30.02(c)(2). However, as to both offenses, the State gave notice of intent to seek enhanced punishment to that of a first-degree felony because Appellant had been finally convicted of a prior burglary of a habitation offense. *See id.* § 12.42(b). The

4

applicable range of punishment for an offense punished as a first-degree felony is incarceration for no more than ninety-nine years or life or less than five years, and a fine not to exceed $10,000. *See id.* § 12.32. Appellant's sentences were in the middle and lower half of this range of punishment—a range determined by the Legislature to constitute appropriate punishment for this type of crime. *See Ex parte Chavez*, 213 S.W.3d at 323.

Appellant pleaded guilty to the underlying offenses of burglary of a habitation and was placed on deferred adjudication community supervision for a period of four years. Appellant admitted that, during the first fifteen months of his time on community supervision, he possessed methamphetamine and twice committed the offense of evading arrest. Further, the trial court found sufficient evidence to support findings that Appellant assaulted a public servant, knowingly associated with persons of harmful or disreputable character, failed to pay required fees, and failed to report as required. The trial court can consider Appellant's failure to comply with the terms and conditions of his community supervision in assessing his sentence. *Vega v. State*, No. 07-19-00111-CR, 2020 Tex. App. LEXIS 4038, at *6 (Tex. App.—Amarillo May 21, 2020, no pet.) (mem. op., not designated for publication); *see* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1). Additionally, the State proved its enhancement allegation establishing that Appellant had a previous felony conviction for burglary of a habitation. *See Simpson*, 488 S.W.3d at 323 (court can consider offender's prior adjudicated and unadjudicated offenses in assessing sentence).

Nothing in the record demonstrates that these sentences are grossly disproportionate to these offenses. Finding no inference of gross disproportionality, we

5

need not and do not reach consideration of sentences for similar crimes in the same jurisdiction and in other jurisdictions. *Noyes*, 2018 Tex. App. LEXIS 3572, at *6. Consequently, we overrule Appellant's sole issues.

## CONCLUSION

Having overruled Appellant's sole issues, we affirm the judgments of the trial court.


Judy C. Parker
Justice


Do not publish.