

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00201-CR

---

BENJAMIN MITCHELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2020-421353, Honorable John J. "Trey" McClendon III, Presiding

---

February 27, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Benjamin Mitchell, Appellant, entered an open plea to two counts of failing to stop and render aid[1] after fleeing from an accident that took the lives of Anthony Childers and Barbara Matthews. On appeal, Appellant contends that his sentence of sixty years' imprisonment is unconstitutionally disproportionate to the charged offense. We affirm.

---

[1] TEX. TRANSP. CODE ANN. § 550.021(c)(1)(A).

## BACKGROUND

Appellant pleaded guilty to two counts of failing to stop and render aid after being involved in an accident causing the death of Childers and Matthews on September 15, 2020.[2] He pleaded true to the enhancement paragraph alleging a prior felony conviction for sexual assault of a child[3] and true to the allegation that a deadly weapon was used. He elected to have the trial court determine his punishment in an open sentencing. The range of punishment specified for Appellant's offense included imprisonment for life or for any term of not more than 99 years or less than five years. TEX. PENAL CODE ANN. § 12.32(a).

After a sentencing hearing, the trial court assessed his punishment at sixty years' incarceration for each count and ordered the sentences to run concurrently. Appellant's counsel objected to the length of the sentence as unjust and timely filed this appeal.

## ANALYSIS

In his sole issue, Appellant maintains the sentence imposed was excessive and grossly disproportionate to the offense committed in violation of the Eighth Amendment to the United States Constitution. He contends that, although the sentence is within the range authorized by statute, it is grossly disproportionate because he did not intend to harm anyone, and his prior convictions consisted of a "handful" of possession of

---

[2] The offense is classified as a second-degree felony punishable by imprisonment for a term of not more than twenty years or less than two years. TEX. TRANSP. CODE ANN. § 550.021(c)(1)(A); TEX. PENAL CODE ANN. § 12.33(a).

[3] Appellant's punishment range was enhanced to that applicable to a first-degree felony due to his prior conviction. *See* TEX. PENAL CODE ANN. §§ 12.42(b); 12.32(a).

marijuana charges and sexual assault. The State contends that the punishment was warranted given the severity of Appellant's conduct resulting in the death of two people and his prior adjudicated and unadjudicated offenses. An appellate court reviews a sentence imposed by the trial court under an abuse of discretion standard. *See Jackson v. State,* 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (en banc).

We begin a review of a challenge to the sentence imposed by comparing the gravity of the offense with the severity of the sentence when all applicable circumstances are considered. *Noyes v. State,* No. 07-16-00229-CR, 2018 Tex. App. LEXIS 3572, at *6 (Tex. App.—Amarillo May 21, 2018, no pet.) (mem. op., not designated for publication) (citing *Graham v. Florida*, 560 U.S. 48, 60, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010)). In making this assessment, we consider the harm caused or threatened to the victim, the offender's culpability, and the offender's prior adjudicated and unadjudicated offenses. *State v. Simpson,* 488 S.W.3d 318, 323 (Tex. Crim. App. 2016) (citing *Graham*, 560 U.S. at 60). Only if we can infer that the sentence is grossly disproportionate to the offense will we compare the sentence the appellant received with the sentence others received for similar crimes in this jurisdiction or in other jurisdictions. *Noyes,* 2018 Tex. App. LEXIS 3572, at *6; *Winchester v. State*, 246 S.W.3d 386, 389 (Tex. App.—Amarillo 2008, pet. ref'd). Texas courts have traditionally held that, so long as the punishment imposed lies within the range prescribed by the Legislature in a valid statute, that punishment is not excessive, cruel, or unusual. *See, e.g., Duran v. State,* 363 S.W.3d 719, 724 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). "[T]he sentencer's discretion to impose any punishment within the prescribed range [is] essentially 'unfettered.'" *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). Except for grossly disproportionate

3

sentences, which are "exceedingly rare, . . . a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Id.* at 323−324.

The offense of failure to stop and render aid in a collision causing the death of a person is classified as a second-degree felony punishable by imprisonment for a term of not more than twenty years or less than two years. TEX. TRANSP. CODE ANN. § 550.021(c)(1)(A); TEX. PENAL CODE ANN. § 12.33(a). However, the punishment range here was enhanced to that applicable to a first-degree felony due to a prior conviction for sexual assault of a child, broadening the range of punishment to include imprisonment for life or for any term of not more than 99 years or less than five years. *See* TEX. PENAL CODE ANN. §§ 12.42(b); 12.32(a).

It is undisputed that the sixty-year sentence imposed was within the range of punishment authorized by the Legislature. *See Ex parte Chavez*, 213 S.W.3d at 323. The trial court arrived at the sentence after hearing testimony that Appellant was driving more than one hundred miles per hour when he struck the motorcycle occupied by Childers and Matthews. The impact of the collision was so severe that debris was scattered over several blocks. The bodies of Childers and Matthews were found hundreds of feet from the point of impact. Instead of stopping after the collision, Appellant and his passenger absconded to Michigan. When he was arrested there, Appellant had methamphetamine in his possession which he was planning to sell to raise money to hire a lawyer for the present case. Moreover, at the time of the collision, Appellant was wanted for a parole violation and had recently been arrested for evading detention with his children, ages nine and eleven, in the vehicle. He had an extensive criminal history,

4

including a conviction for sexual assault of a child and numerous drug possession offenses. He claimed membership in the West Texas gang and was involved in a gang fight while awaiting trial.

Nothing in the record demonstrates that the sentence is grossly disproportionate to the offense. Finding no inference of gross disproportionality, we need not and do not reach consideration of sentences for similar crimes in the same jurisdiction and in other jurisdictions. *Noyes,* 2018 Tex. App. LEXIS 3572, at *6. Consequently, we overrule Appellant's sole issue.

### CONCLUSION

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.